IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| HORNBLOWER HOLDINGS LLC, *et al.*,[1] | ) Case No. 24-90061 (MI) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING HORNBLOWER GROUP, INC. TO ACT AS
FOREIGN REPRESENTATIVE, AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 5:00 p.m. (prevailing Central Time) on February 21, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on February 21, 2024 at 5:00 p.m. (prevailing Central Time) in Courtroom 404, 4th Floor, 515 Rusk, Houston, Texas 77002.**
>
> **Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "judgeisgur." Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:

---

[1] The last four digits of Debtor Hornblower Holdings LLC's tax identification number are 6035. Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Hornblower. The location of the Debtors' service address for purposes of these chapter 11 cases is: Pier 3 on The Embarcadero, San Francisco, CA 94111.

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), (a) authorizing Hornblower Group, Inc. ("Hornblower Group") to act as the Foreign Representative (as defined herein) on behalf of the Debtors' estates in the Canadian Proceeding (as defined herein) and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. § 1408.

4. The statutory bases for the relief requested herein are sections 105(a), 1505, and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5. On February 21, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) substantially

2

contemporaneously herewith. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Jonathan Hickman in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed substantially contemporaneously herewith and incorporated herein by reference.[2]

### Appointment of Foreign Representative

7. Hornblower Cruises and Events Canada Ltd., Hornblower Canada Co., Hornblower Canada Entertainment Limited (collectively, the "Canadian Entities"), Hornblower Canadian Holdings, Inc., and Hornblower Cruises and Events, Inc. are indirect, wholly-owned subsidiaries of Hornblower Group. The Debtors' Canadian operations are primarily run through the Canadian Entities.

8. Hornblower Group, as the proposed Foreign Representative (as defined herein), will shortly seek ancillary relief in Canada on behalf of the Debtors' estates in the Ontario Superior Court of Justice (Commercial List) in Toronto, Ontario, Canada (the "Canadian Court") pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA"). The purpose of the ancillary proceeding (the "Canadian Proceeding") is to request that the Canadian Court recognize the Debtors' chapter 11 cases as "foreign main proceedings" under Part IV of the CCAA to, among other things, protect the Debtors' assets and operations in Canada.[3]

---

[2] Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration.

[3] The Debtors intend to propose that Grant Thornton Limited be appointed by the Canadian Court as information officer in the Canadian Proceeding (the "Information Officer"). The Information Officer will serve as an officer of the Canadian Court and will report to the Canadian Court from time to time (including at the hearing on the initial application) on the status of these chapter 11 cases, the Debtors' proposed restructuring, and any other

9. To commence the Canadian Proceeding, the Debtors require authority for a Debtor entity to act as the "foreign representative"[4] on behalf of the Debtors' estates (the "<u>Foreign Representative</u>"). Therefore, the Debtors request authority to appoint Hornblower Group as such Foreign Representative.

10. More specifically, section 46 of the CCAA provides in part:

   a. **Application for recognition of a foreign proceeding.** — A foreign representative may apply to the court for recognition of the foreign proceeding in respect of which he or she is a foreign representative.

   b. **Documents that must accompany application.** — . . . the application must be accompanied by . . . (b) a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity . . .

CCAA, R.S.C., 1985, c. C-36, § 46 (1985) (Can.).

11. Accordingly, for Hornblower Group to seek recognition as the Foreign Representative in the Canadian Proceeding, and thereby apply to have the Debtors' chapter 11 cases recognized by the Canadian Court, this Court must enter the Order, substantially in the form attached hereto, authorizing Hornblower Group to act as the Foreign Representative in the Canadian Proceeding. If the Order is granted, Hornblower Group will be able to file the Order

---

information that may be material to the Canadian Court. The specific duties of the Information Officer will be set out in the "Supplemental Order" of the Canadian Court. The Information Officer and its counsel will be compensated in accordance with the terms of the Supplemental Order. The Information Officer and its counsel will also be granted a charge over the assets of the Canadian Entities as security for its fees and expenses on the terms set out in the Supplemental Order.

[4] A "foreign representative" is defined in section 45(1) of the CCAA to mean "a person or body, including one appointed on an interim basis, who is authorized, in a foreign proceeding respect of a debtor company, to

   (a) monitor the debtor company's business and financial affairs for the purpose of reorganization; or
   (b) act as a representative in respect of the foreign proceeding."

4

with the Canadian Court as the instrument authorizing Hornblower Group to act as the Foreign Representative pursuant to section 46 of the CCAA.[5]

### Basis for Relief

12. Section 1505 of the Bankruptcy Code provides that "[a] trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law." 11 U.S.C. § 1505. Further, section 1107(a) of the Bankruptcy Code provides, in relevant part, that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a).

13. The Debtors respectfully submit that sections 1505 and 1107 of the Bankruptcy Code confer upon Hornblower Group, as a debtor in possession, sufficient rights, powers, and duties to act as a Foreign Representative of the Debtors' estates in the Canadian Proceeding. To avoid any possible confusion or doubt regarding this authority and to comply with the requirements of section 46 of the CCAA, the Debtors seek entry of an order, pursuant to section 1505 of the Bankruptcy Code, explicitly authorizing Hornblower Group to act as the Foreign Representative of the Debtors' estates in the Canadian Proceeding.

14. Authorizing Hornblower Group to act as the Foreign Representative on behalf of the Debtors' estates in the Canadian Proceeding will allow for coordination between these chapter 11 cases and the Canadian Proceeding, and provide an effective mechanism to protect and maximize the value of the Debtors' assets and estates. Indeed, courts across various jurisdictions

---

[5] To the extent the Court requires, the Debtors consent to the use of the "Guidelines for Communication and Cooperation between Courts in Cross-Border Insolvency Matters" issued by the Judicial Insolvency Network and available online at www.jin-global.org (the "JIN Guidelines").

have granted relief similar to that requested herein in other large chapter 11 cases where a debtor has foreign assets or operations requiring a recognition proceeding. *See, e.g.*, *In re Wesco Aircraft Holdings, Inc., et al.*, Case No. 23-90611 (DRJ) (Bankr. S.D. Tex. June 1, 2023) [Docket No. 121]; *In re Sungard as New Holdings, LLC, et al.*, Case No. 22-90018 (DRJ) (Bankr. S.D. Tex. April 12, 2022) [Docket No. 66]; *In re Grupo Aeromexico, S.A.B. de C.V., et al.*, Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. July 1, 2020) [Docket No. 42]; *In re Hollander Sleep Products, LLC*, No. 19-11608 (MEW) (Bankr. S.D.N.Y. May 22, 2019) [Docket No. 51]; *see also In re Payless Holdings LLC*, No. 17-42267 (KAS) (Bankr. E.D. Mo. Apr. 5, 2017) [Docket No. 67]; *In re CJ Holding Co.*, No. 16-33590 (DRJ) (Bankr. S.D. Tex. July 21, 2016) [Docket No. 59]; *In re Ultra Petroleum Corp.*, No. 16-32202 (MI) (Bankr. S.D. Tex. May 3, 2016) [Docket No. 82]. Accordingly, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Emergency Consideration

15. Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of the chapter 11 cases "to the extent that relief is necessary to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations, and obtaining the relief requested by this motion is essential for the Canadian Entities and certain of their affiliates to obtain the necessary protections provided under the CCAA to (a) facilitate the Debtors' reorganization and (b) provide certainty that Canadian creditors will not seek to exercise remedies against the Canadian Entities' and certain affiliates' assets. Failure to obtain the requested relief during the first 21 days of these chapter 11 cases would imperil the Debtors' restructuring. The

Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this motion on an emergency basis.

**Notice**

16.     The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Ad Hoc Group, Milbank LLP, 55 Hudson Yards, New York, NY 10001; (d) counsel to Crestview, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017; (e) counsel to the Senior DIP Lenders, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020; (f) counsel to Alter Domus (US) LLC, as agent under the Superpriority Credit Agreement, Norton Rose Fulbright US LLP, 1301 6th Avenue, New York, NY 10019; (g) counsel to GLAS Trust Company LLC, as agent under the Senior DIP Facility, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004; (h) counsel to GLAS Trust Company LLC, as agent under the Junior DIP Facility and under the First Lien Credit Agreement, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019; (i) counsel to UBS AG, Stamford Branch, as agent under the Revolving Credit Agreement, Cahill Gordon & Reindel LLP, 32 Old Slip, New York, NY 10005; (j) the United States Attorney's Office for the Southern District of Texas; (k) the Internal Revenue Service; (l) the United States Securities and Exchange Commission; (m) the state attorneys general for states in which the Debtors conduct business; (n) other regulatory agencies having a regulatory or statutory interest in these cases; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002.

17. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

18. A copy of this motion is available on (a) the Court's website, at www.txs.uscourts.gov, and (b) the website maintained by the Debtors' proposed claims and noticing agent, Omni Agent Solutions, Inc., at https://omniagentsolutions.com/Hornblower.

[*Remainder of page intentionally left blank*]

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: February 21, 2024  Respectfully submitted,

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (pending *pro hac vice*)
Jacob A. Adlerstein (pending *pro hac vice*)
Kyle J. Kimpler (pending *pro hac vice*)
Sarah Harnett (pending *pro hac vice*)
Neda Davanipour (pending *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
pbasta@paulweiss.com
jadlerstein@paulweiss.com
kkimpler@paulweiss.com
sharnett@paulweiss.com
ndavanipour@paulweiss.com

*Proposed Counsel to the Debtors and the Debtors in Possession*

**Certificate of Accuracy**

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.  This statement is made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Jonathan Hickman*
Jonathan Hickman

**Certificate of Service**

I certify that on February 21, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins