IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| HORNBLOWER HOLDINGS LLC, *et al.*, | ) | Case No. 24-90061 (MI) |
| | ) | |
| DEBTORS. | ) | (Jointly Administered) |
| | ) | |

**ARGONAUT INSURANCE COMPANY'S LIMITED OBJECTION TO THE DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN SENIOR SECURED POSTPETITION FINANCING AND (B) USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO CERTAIN PREPETITION SECURED PARTIES, (III) SCHEDULING A FINAL HEARING, AND (IV) GRANTING RELATED RELIEF**

COMES NOW Argonaut Insurance Company ("Argonaut"), by and through its undersigned counsel, and files this *Argonaut Insurance Company's Limited Objection to the Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (a) Obtain Senior Secured Postpetition Financing and (b) Use Cash Collateral, (II) Granting Adequate Protection, to Certain Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* (the "Limited Objection," and the underlying motion, the "DIP Motion"). In support of the Limited Objection, Argonaut respectfully submits as follows:

1. The above-captioned debtors (the "Debtors") filed for chapter 11 bankruptcy protection in this Court on February 21, 2024, commencing the above-captioned case (the "Case").

2. Prior to Case, Argonaut issued various surety bonds on behalf or at the request of certain of the Debtors, including but not limited to, certain *Passenger Vessel Surety Bonds* that assure, pursuant to 46 CFR Part 540, Subpart A, deposits made by the Debtors' customers for unperformed voyages. *See* 46 C.F.R. § 540.2(i).

1

3. In consideration of Argonaut's issuance of the bonds, certain of the Debtors executed that certain *General Indemnity Agreement* dated May 7, 2019, as modified from time to time (the "Indemnity Agreement").

4. Argonaut has certain surety rights under the bonds, the Indemnity Agreement, and the common law, including, but not limited to, indemnification, exoneration, and subrogation.

5. The Debtors filed the DIP Motion on February 21, 2024.  [Doc. No. 35].

6. This Court entered the *Interim Order (I) Authorizing the Debtors to (a) Obtain Senior Secured Postpetition Financing and (b) Use Cash Collateral, and (c) Grant Liens and Superpriority Administrative Expense Claim, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "Interim DIP Order," and the attachments thereto, the "DIP Documents") on February 22, 2024.  [Doc. No. 72].

7. Paragraph 38 of the Interim DIP Order provides that "[n]othing in this Interim Order shall prime, modify, limit, alter, or expand any perfected security interest that Argonaut Insurance Company may have in respect of any of their bonds, any related indemnity agreements, and/or in any of their collateral."

8. The Debtors have confirmed to Argonaut that the same language shall be included in the final order on the DIP Motion that the Debtors submit to this Court.

9. With respect to this Limited Objection, Argonaut is continuing to evaluate (a) the rights it may have, including, but not limited to, any rights to equitable subrogation, to customer deposits that the Debtors received prepetition with respect to planned cruises and (b) the status and treatment of such customer deposits under the DIP Documents as potential trust funds pursuant to the definition of "Tax and Trust Funds" therein and any applicable laws and regulations.

10. Regarding clause (b) above, the DIP Documents define "Tax and Trust Funds" in relevant part to mean "any cash or cash equivalents maintained in or credited to any deposit account or securities account that are comprised solely of . . . any other funds which any Loan Party is permitted or otherwise not prohibited by the terms of this Agreement to hold as an escrow or fiduciary for the benefit of another person (that is not a Loan Party), including, for the avoidance of doubt, **any customer deposits**." [Doc. No. 72 at 123 and 258]. However, the DIP Documents do not otherwise reference "Tax and Trust Funds" except in the definition sections of the requisite DIP Documents, and it is unclear how customer deposits are to be treated under the DIP Documents to the extent such do constitute trust funds.

11. Argonaut has engaged the Debtors to seek clarity with respect to the trust fund nature and treatment of the customer deposits under the DIP Documents and hopes to resolve any issues in this respect prior to the final hearing on the DIP Motion through consensual modification of the previously agreed upon language. However, Argonaut has not yet been able to reach such a resolution, in part because of its ongoing evaluation of the customer deposits.

12. To the extent any customer deposits held by the Debtors constitute trust funds, the Debtors at best only hold legal title to such funds, but not equitable title. Argonaut accordingly objects to the extent that the DIP Motion and DIP Documents seek to grant the lenders thereunder a greater right or interest in any customer deposits constituting trust funds beyond a bare legal right and/or interest. Argonaut therefore objects to put all parties on notice of its concerns regarding the customer deposits.

13. Argonaut suggest the inclusion of the following language in any final order on the DIP Motion:

> Nothing in the Interim Order or this Final Order shall prime, modify, limit, alter, or expand any (a) perfected security interest that Argonaut Insurance Company may

have in respect of any of their bonds, any related indemnity agreements, and/or in any of their collateral or (b) interests or rights that Argonaut Insurance Company may have in respect to any customer deposits or otherwise that constitute trust funds.

14. Argonaut continues to reserve all rights to the greatest extent possible, including but not limited to, the right to supplement this objection up to the final hearing on the DIP Motion.

Respectfully submitted,

**MANIER & HEROD, P.C.**

/s/ Michael E. Collins
Michael E. Collins (TX Bar No. 24029006)
Scott C. Williams (admitted *pro hac vice*)
S. Marc Buchman (*pro hac vice* pending)
1201 Demonbreun St., Suite 900
Nashville, TN 37203
T: (615) 742-9358
F: (615) 242-4203
mcollins@manierherod.com
swilliams@manierherod.com
mbuchman@manierherod.com

*Counsel for Argonaut Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2024, the foregoing document was served on all parties registered to receive electronic notice in this case via the Court's ECF system.

/s/ Michael E. Collins
Michael E. Collins