IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) ) Chapter 11 ) |
| HORNBLOWER HOLDINGS LLC, *et al.*,[1] | ) ) Case No. 24-90061 (MI) ) |
| Debtors. | ) (Jointly Administered) ) |

**DEBTORS' STATEMENT REGARDING PROPOSED FINAL DIP ORDER AND RESOLUTION OF ALL OBJECTIONS THERETO**

The debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors")[2] hereby file this statement (the "Statement") in further support of the DIP Motion and entry of the proposed *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Providing Superpriority Administrative Expense Status, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 313] (the "Final Order"). The Debtors received and subsequently resolved several formal and informal objections to the DIP Motion, including formal objections from Frances A. Poplau and Mary F. Hudalla [Docket No. 240] (the "Poplau Objection") and Argonaut Insurance Company [Docket No. 253]

---

[1] The last four digits of Debtor Hornblower Holdings LLC's tax identification number are 6035. Due to the large number of debtor entities in these chapter 11 cases which are being jointly administered, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Hornblower. The location of the Debtors' service address for purposes of these chapter 11 cases is: Pier 3, The Embarcadero, San Francisco, CA 94111.

[2] All capitalized terms not defined herein shall have the meaning ascribed to them in the (i) *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Superpriority Administrative Expense Status, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* [Docket No. 35] (the "DIP Motion") or (ii) *Interim Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Providing Superpriority Administrative Expense Status, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 72] (the "Interim DIP Order"), as applicable.

(the "Argonaut Objection"), and informal objections by the Official Committee of Unsecured Creditors (the "Committee Informal Objection"), JPMorgan Chase, N.A. (the "JPM Chase Informal Objection"), and Broward County Attorney's Office (the "Broward Informal Objection," and together with the Poplau Objection, the Argonaut Objection, the Committee Informal Objection and the JPM Chase Informal Objection, the "Objections", and such objecting parties, the "Objectors").

**STATEMENT**

1. Final approval of the DIP Facilities is a critical step forward in these chapter 11 cases. The DIP Facilities provide the Debtors necessary liquidity to operate their businesses and fund these chapter 11 cases, fully committed exit financing to emerge from these chapter 11 cases, and long-term stability and confidence for the Debtors' stakeholders. Following extensive, good faith, arm's-length negotiations, among the Debtors, the DIP Parties, and the Objectors, the Debtors are pleased to have resolved all of the Objections, such that entry of the Final DIP Order is unanimously supported by the Debtors' stakeholders.

**I.  Debtors' Resolution of the Poplau Objection**

2. The Poplau Objection asserts that the DIP Facilities may impair the rights of certain customers, including Frances A. Poplau and Mary F. Hudalla, to recover certain "prepaid passenger fares and deposits for non-performed transportation aboard one of the Debtors' fleet of 7 inland water and intercontinental ocean-going boards and ships." (Poplau Obj. ¶ 1.) While the Debtors disagree that the DIP Facilities would impair the rights of such customers, the Debtors believe that such customer claims are fully protected by two surety bonds provided by Argonaut, the Debtors' surety provider, as required by the Federal Maritime Commission pursuant to 46 CFR § 540.9. In particular, Passenger Vessel Surety Bond No. SUR0039562 (the "AQSOC Bond") provides $32 million of surety coverage for non-performance of transportation on vessels operated

2

by American Queen Steamboat Operating Company LLC, and Passenger Vessel Surety Bond No. SUR0046973 (the "VOC Bond") provides $7 million of surety coverage for non-performance of transportation on vessels operated by Victory Operating Company, LLC. The Debtors confirm that as of the date hereof, and based on a thorough review of the Debtors' books and records, the aggregate quantum of customer refund claims owing by the Debtors is less than the penal limit of the AQSOC Bond and VOC Bond, respectively. Accordingly, the Debtors believe that all customer refund claims will ultimately be paid in full, notwithstanding approval of the DIP Facilities.

3. Notwithstanding the Debtors' available surety coverage, the Debtors have also included language in the Final DIP Order that preserves the rights of Frances A. Poplau and Mary F. Hudalla, as well as other similarly situated customers, to assert and recover on the constructive trust claims asserted in the Poplau Objection. In particular, Paragraph 38 of the proposed Final Order provides:

> Notwithstanding anything to the contrary in the Interim Order or this Final Order, (i) all parties' rights to assert, and the Debtors' and other parties in interests' right to oppose, that the Debtors hold or held customer deposits in trust on behalf of passengers are fully preserved, and (ii) to the extent that the Court determines that the Debtors hold or held any customer deposits in trust on behalf of passengers, nothing in this Final Order shall prime, modify, limit, or alter such passengers' interests or rights in such trust funds.

To be clear, the Debtors disagree that customer deposits are held by the Debtors in trust, and reserve all rights with respect to any such arguments.

4. Based on the statements set forth above, as well as the language included in Paragraph 38 of the Final Order, counsel to Frances A. Poplau and Mary F. Hudalla has confirmed to the Debtors that they will withdraw the Poplau Objection.[3]

---

[3] Counsel to Frances A. Poplau and Mary F. Hudalla reviewed this Statement in advance of its filing.

## **CONCLUSION**

5.      Given that all Objections to the DIP Motion have been withdrawn, the Debtors request that the Court enter the Final Order. The Debtors will file a certificate of counsel and request cancellation of the hearing currently set for 8:00 a.m. on March 25, 2024.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

March 21, 2024

Respectfully submitted,

By: */s/ John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Jacob A. Adlerstein (admitted *pro hac vice*)
Kyle J. Kimpler (admitted *pro hac vice*)
Sarah Harnett (admitted *pro hac vice*)
Neda Davanipour (admitted *pro hac vice*)
Kyle R. Satterfield (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
pbasta@paulweiss.com
jadlerstein@paulweiss.com
kkimpler@paulweiss.com
sharnett@paulweiss.com
ndavanipour@paulweiss.com
ksatterfield@paulweiss.com

*Proposed Counsel to the Debtors and the Debtors in Possession*