**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HORNBLOWER HOLDINGS LLC, *et al.*,[1] | ) Case No. 24-90061 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' MOTION**
**FOR ENTRY OF AN ORDER (I) SETTING**
**BAR DATES FOR FILING PROOFS OF CLAIM,**
**INCLUDING REQUESTS FOR PAYMENT UNDER**
**SECTION 503(b)(9), (II) ESTABLISHING AMENDED SCHEDULES**
**BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING**
**THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING**
**SECTION 503(b)(9) REQUESTS, AND (IV) APPROVING NOTICE OF BAR DATES**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one (21) days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one (21) days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion:

---

[1] The last four digits of Debtor Hornblower Holdings LLC's tax identification number are 6035. Due to the large number of debtor entities in these chapter 11 cases which are being jointly administered, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Hornblower. The location of the Debtors' service address for purposes of these chapter 11 cases is: Pier 3 on The Embarcadero, San Francisco, CA 94111.

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto (the "Bar Date Order"), approving the following relief:[2]

a.      ***Claims Bar Date***.  ***Establishing Monday, May 20, 2024, at 5:00 p.m., prevailing Central Time,*** as the last date and time for each entity[3] to file proofs of claim based on prepetition claims or interests, including requests for payment under section 503(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") (collectively, "Proofs of Claim") against any Debtor (the "Claims Bar Date");

b.      ***Governmental Bar Date***.  Solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code), ***establishing Monday, August 19, 2024, at 5:00 p.m., prevailing Central Time,*** as the last date and time for each such governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date");

c.      ***Rejection Damages Bar Date***.  Solely as to claims arising from the Debtors' rejection of executory contracts and unexpired leases, ***establishing the later of (a) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease*** as the last date and time by which claimants holding claims based upon such rejection must file Proofs of Claim against any Debtor (such later date, the "Rejection Damages Bar Date");

d.      ***Amended Schedules Bar Date***.  In the event that the Debtors amend their Schedules (as defined herein), ***establishing the later of (a) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules***, as the last date and time by which each claimant holding a claim affected by such amendment must file a Proof of Claim against any Debtor (such later date, the "Amended Schedules Bar Date" and, together with the Claims Bar

---

[2]   Capitalized terms used but not otherwise defined in this motion have the meanings ascribed to them in the *Joint Chapter 11 Plan of Reorganization of Hornblower Holdings LLC and Its Debtor Affiliates, dated March 18, 2024* [Docket No. 268] (as amended or supplemented in accordance with the terms thereof, the "Plan").

[3]   Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates");

e.  ***Proof of Claim Form***.  Approving the proposed Proof of Claim Form (as defined herein);

f.  ***Bar Date Notice***.  Approving the proposed Bar Date Notice (as defined herein); and

g.  ***Publication Notice***.  Approving the proposed form of publication notice (the "Publication Notice").

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court.

3.      Venue is proper pursuant to 28 U.S.C. § 1408.

4.      The bases for the relief requested herein are sections 105(a), 501, 502, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002(a)(7), (f), and (l), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## The Bar Dates

5.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim.

3

Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of one-hundred-and-eighty (180) days after the entry of the order for relief to file Proofs of Claim.  The Debtors intend to file their Schedules by no later than April 19, 2024.

6.        The Debtors propose to allow creditors other than governmental units until ***Monday, May 20, 2024, at 5:00 p.m., prevailing Central Time***, and governmental units until ***Monday, August 19, 2024, at 5:00 p.m., prevailing Central Time,*** to file Proofs of Claim. Accordingly, the Debtors anticipate that their Schedules will be on file at least twenty-one (21) days before the Debtors' proposed Claims Bar Date and at least one-hundred-and-twenty-two (122) days before the Governmental Bar Date.  The proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

**I.        The Claims Bar Date**

7.        The Debtors request that the Court establish ***Monday, May 20, 2024, at 5:00 p.m., prevailing Central Time***, as the Claims Bar Date.  The Claims Bar Date would be the date and time by which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim, including requests for payment under section 503(b)(9), so that such Proofs of Claim are **<u>actually received</u>** by Omni Agent Solutions, Inc. (the "<u>Claims and Noticing Agent</u>"), unless such entity's claim falls within one of the exceptions set forth in this motion.  Subject to these exceptions, the Claims Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

**II.        The Governmental Bar Date**

8.        Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order

for relief or such later time as the [Bankruptcy Rules] may provide." 11 U.S.C. § 502(b)(9). The Debtors, therefore, request that ***Monday, August 19, 2024, at 5:00 p.m., prevailing Central Time***, be established as the Governmental Bar Date in these chapter 11 cases. The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are **actually received** by the Claims and Noticing Agent by the Governmental Bar Date.

### III.    The Rejection Damages Bar Date

9.      In addition to the Claims Bar Date and Governmental Bar Date, the Debtors request that the Court establish the Rejection Damages Bar Date for filing claims arising from the Debtors' rejection of executory contracts and unexpired leases, pursuant to section 365 of the Bankruptcy Code, on the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease.

### IV.    Amended Schedules Bar Date

10.      In the event that the Debtors amend their Schedules in accordance with Bankruptcy Rule 1009 and Bankruptcy Local Rule 1009-1, the Debtors request that the Court establish the Amended Schedules Bar Date as the deadline by which claimants holding claims affected by the amendment must file Proofs of Claim with respect to such claims so that such Proofs of Claim are **actually received** by the Claims and Noticing Agent as of the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date

that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules.

<strong><u>Procedures for Filing Proofs of Claim</u></strong>

**I.      Parties Required to File Proofs of Claim**

11.      Except as otherwise set forth herein, the Debtors respectfully request that the Court require each of the following entities holding claims against the Debtors arising prior to the Petition Date to file Proofs of Claim on or before the applicable Bar Date:

a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to share in any distribution in any of these chapter 11 cases;

b.      any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.      any former or present full-time, part-time, salaried, or hourly employees whose claims relate to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, or benefits;

d.      any entity that believes its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules;

e.      any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code; and

f.      any customers of American Queen Steamboat Operating Company, LLC ("<u>AQSOC</u>") and Victory Operating Company, LLC ("<u>VOC</u>" and, together with AQSOC, in each case doing business as American Queen Voyages™ "<u>AQV</u>") who believe their prepetition claim(s) for refunds of deposits placed prior to the Petition Date on cruises that subsequently have been

cancelled (such claims, the "AQV Customer Deposit Claims") are entitled to priority under section 507(a)(7) of the Bankruptcy Code.[4]

## II.   Parties Not Required to File Proofs of Claim by the Claims Bar Date

12.   The Debtors request that the Court exempt the following entities in the capacities

described below from any requirement to file a Proof of Claim prior to the Claims Bar Date:

a.   the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.   any entity that already has filed a signed Proof of Claim against the applicable Debtor or submitted a signed Proof of Claim with the Claims and Noticing Agent in a form substantially similar to Official Form 410 against the applicable Debtor, but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c.   any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.   any entity whose claim has previously been allowed by a final order of the Court;

e.   any person or entity asserting an unsecured non-priority AQV Customer Deposit Claim who has submitted a claim form via the website established by the Debtors to facilitate the process by which customers may submit their AQV Customer Deposit Claims for review (AQVrefunds.com) (the "AQV Refund Website");

f.   any Debtor or non-Debtor affiliate, parent, or subsidiary (whether direct or indirect and whether wholly owned or not) having a claim against a Debtor;

g.   any entity whose claim is solely against any non-Debtor affiliates;

h.   any entity whose claim has been paid in full by a Debtor pursuant to the Bankruptcy Code or in accordance with a Court order;

i.   a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage,

---

[4]   The Debtors reserve all rights, defenses and remedies with respect to any such Proofs of Claim asserting priority status with respect to AQV Customer Deposit Claims.

commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.       any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

k.       any entity holding a claim for which a separate deadline is fixed by the Court;

l.       any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, including any professionals retained by the Debtors or the Committee, or any other statutory committee, that assert administrative claims for fees and expenses subject to the Court's approval pursuant to section 330 and 331 of the Bankruptcy Code, but in each case, solely to the extent of such administrative claim(s); *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claim by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

m.       any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to each interim and final order entered by the Court in respect of the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors To (A) Obtain Senior Secured Postpetition Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* [Docket No. 35] (collectively, such interim and final orders, the "DIP Order"), including, for the avoidance of doubt, the DIP Agents, DIP Secured Parties, Prepetition First Lien Loan Parties, Prepetition Revolving Loan Parties, and the Prepetition Agents (each as defined in the DIP Order), as set forth in the DIP Order; *provided* that (i) each applicable Agent and DIP Agent (as defined in the DIP Order) is authorized but not directed to file a single master Proof of Claim in the Debtors' lead case by the Claims Bar Date with regard to all of the claims arising under the applicable DIP Credit Agreement or Prepetition Credit Agreement, which shall be deemed to have been filed against each applicable Debtor, and (ii) any such master Proof of Claim shall not be required to include any instruments, agreements or other documents evidencing the obligations owing by each applicable Debtor to the applicable holder of a claim for any fees, expenses, or other obligations arising or payable under the DIP Order or Prepetition Credit Agreement, as applicable, which instruments, agreements or other documents will be provided upon written request to counsel to the applicable Agent or DIP Agent;

n.   any holder of a JBIH Claim for any Claims arising under or in connection with the JBIH Credit Agreement; *provided* that (i) the JBIH Agent (as defined in the RSA) is authorized but not directed to file a single master Proof of Claim in the Debtors' lead case by the Claims Bar Date with regard to all of the claims thereunder, which shall be deemed to have been filed against each applicable Debtor, and (ii) any such master Proof of Claim shall not be required to include any instruments, agreements or other documents evidencing the obligations owing by each applicable Debtor to the applicable holder of JBIH Claims, which instruments, agreements or other documents will be provided upon written request to counsel to the JBIH Agent;

o.   any entity holding an equity interest in any Debtor; and

p.   any counterparty to an executory contract or unexpired lease whose contract or lease is assumed or assumed and assigned by the Debtors, solely with respect to claims arising under such contract or lease or any related agreements.

## III.   Form of Proof of Claim

13.   The Debtors have prepared, and request that the Court approve, a form for filing a Proof of Claim based on Official Form 410 that the Debtors have modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code, substantially in the form attached as **Exhibit 1** to the Bar Date Order (the "Proof of Claim Form"). Creditors may choose not to use the modified Proof of Claim Form and instead submit Proofs of Claim on Official Form 410.

## IV.   Requirements for Preparing and Filing Proofs of Claim

14.   The Debtors propose that each Proof of Claim be required to be consistent with the following:

a.   ***Contents***.  Each Proof of Claim must:  (i) be written in legible English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. prevailing Central Time, on the Petition Date (and, to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal

9

representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b. ***Section 503(b)(9) Claim***. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c. ***Electronic Signatures Permitted***. Only ***original*** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration. Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d. ***Identification of the Debtor Entity***. Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (No. 24-90061 (MI)), or otherwise without identifying a specific Debtor, may be deemed as filed only against Hornblower Group, Inc. or American Queen Holdings, LLC, as applicable, in the Debtors' sole discretion.

e. ***Claim Against Multiple Debtor Entities***. Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Hornblower Group, Inc. or American Queen Holdings, LLC, as applicable, in the Debtors' sole discretion.

f. ***Supporting Documentation***. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* (i) the Proof of Claim contains current information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party shall be required to transmit such documentation to Debtors' counsel no later than ten (10) days from the date of such request.

g. ***Timely Service***. Each Proof of Claim must be filed or submitted, including ***supporting*** documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing

Agent's website at https://omniagentsolutions.com/Hornblower, or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

**If by First-Class Mail, Hand Delivery, or Overnight Mail:**
Hornblower Holdings LLC Claims Processing Center
c/o Omni Agent Solutions, Inc.
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.    ***Receipt of Service***.   Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## Consequences of Failure to File a Proof of Claim

15.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their estates (or filing a Proof of Claim with respect thereto), and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim—including with respect to claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code.  Such creditor shall also be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.  Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

## Procedures for Providing Notice of the Bar Dates

16. The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

## I.  Mailing of Bar Date Notices

17. Pursuant to Bankruptcy Rule 2002(a)(7), no later than four (4) business days following entry of the Bar Date Order, the Debtors will cause written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** to the Bar Date Order (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be served via email, facsimile, or first class mail to the following entities (or their respective counsel, if known):

a. the U.S. Trustee;

b. the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);

c. Davis Polk & Wardwell LLP, as counsel to Crestview;

d. Milbank LLP, as counsel to the Ad Hoc Group;

e. White & Case LLP, as counsel to the Senior DIP Lenders;

f. Norton Rose Fulbright US LLP, as counsel to Alter Domus (US) LLC, as agent under the Superpriority Credit Agreement;

g. Seward & Kissel LLP, as counsel to GLAS Trust Company LLC, as agent under the Senior DIP Facility;

h. ArentFox Schiff LLP, as counsel to GLAS Trust Company LLC, as agent under the Junior DIP Facility and under the First Lien Credit Agreement;

i. Cahill Gordon & Reindel LLP, as counsel to UBS AG, Stamford Branch, as agent under the Revolving Credit Agreement;

j. Pachulski Stang Ziehl & Jones LLP, as proposed counsel to the official committee of unsecured creditors in these chapter 11 cases (the "Committee");

k. all entities listed in the Schedules as holding claims (including those listed as contingent, unliquidated, or disputed) against the Debtors;

l.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

m.     all entities that have filed Proofs of Claim in these chapter 11 cases as of the date the Bar Date Order is entered;

n.      all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

o.      all entities who are party to executory contracts and unexpired leases with the Debtors;

p.      all entities who are party to active litigation with the Debtors;

q.      all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

r.      all regulatory authorities that regulate the Debtors' businesses;

s.      the Office of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;

t.      the District Director of the Internal Revenue Service for the Southern District of Texas;

u.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

v.      all other entities listed on the Debtors' matrix of creditors;

w.     the United States Securities and Exchange Commission; and

x.      the Office of the United States Attorney for the Southern District of Texas.

18.     Further, the Debtors shall post the Proof of Claim Form and the Bar Date Notice on the Debtors' case website established by the Claims and Noticing Agent at https://omniagentsolutions.com/Hornblower.

19.     The proposed Bar Date Notice will notify the parties of the Bar Dates and will contain information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any

information that is missing, incorrect, or incomplete.  The Debtors request the Court approve the use of the Bar Date Notice.

## II.    Supplemental Mailings

20.    After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[5] (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants or parties in interest become known as the result of the Bar Date noticing process.  In this regard, the Debtors request that the Court permit the Debtors to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen (14) days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.

## III.    Publication Notice

21.    In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication.  The Debtors propose to publish the Bar Date Notice as soon as reasonably practicable after entry of the Bar Date Order and in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form attached hereto as **Exhibit 3** to the Bar Date Order (the "Publication Notice"), on one occasion in the national edition of *The New York Times* and the *San Francisco Chronicle*, and any such other local publication that the Debtors deem appropriate and disclose in the Claims and Noticing Agent's affidavit of service.

---

[5]    To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors request that they not be required to mail additional notices to such creditors.

22.     The proposed Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website maintained by the Claims and Noticing Agent at which creditors may obtain a copy of a Proof of Claim Form, information concerning the procedures and appropriate deadlines for filing Proofs of Claim, and contact information for the Debtors regarding questions about the Debtors' claims process.

## Basis for Relief

### I.     Authority Exists to Approve the Bar Dates and the Procedures for Filing Proofs of Claim

23.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."   Fed. R. Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Bankruptcy Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

24.     Bankruptcy Local Rule 3003-1(b) expressly provides that the default rule under Bankruptcy Local Rule 3003-1(a)—that a claimant must file a proof of claim in a chapter 11 case within ninety (90) days of the petition date—does not apply in chapter 11 cases that qualify as complex chapter 11 cases under the Bankruptcy Local Rules.

25.     Section M of the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures") provides that "[u]nless a different date is ordered by the Court, the bar date for the filing of proofs of claim and proofs of interest is (i) 180 days after the petition

date for governmental units; and (ii) for all other entities, ninety (90) days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a)."  In the Bar Date Order, the Debtors seek to modify the default bar date for non-governmental units set forth in the Complex Case Procedures.

26.    The claims bar date plays an essential role in the twin goals of bankruptcy— preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc.* v. *203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). The claims bar date "promote[s] the expeditious and efficient administration of bankruptcy cases," thereby permitting the debtor and parties in interest to determine and evaluate the liabilities of the estate. *Grossie* v. *Sam (In re Sam)*, 894 F.2d 778, 781 (5th Cir. 1990).  The absence of a deadline would prolong creditor uncertainty, increase the costs and expenses incurred by debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp.* v. *Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

27.    The procedures described herein provide creditors with appropriate notice and a clear process for filing Proofs of Claim and achieve administrative and judicial efficiency.  The procedures will provide comprehensive notice and clear instructions to creditors and allow these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay.

28.    The Debtors' proposed procedures will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties.  The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with

flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases.

## II.     The Notice Procedures Are Reasonable and Appropriate

29.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impracticable or it is desirable to supplement other notice. Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

30.     The Debtors propose to mail the Bar Date Notice to their known creditors and must rely on publication to give notice to its unknown creditors. *See, e.g.*, *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950) ("The statutory notice by publication is sufficient as to any beneficiaries whose interests or addresses are unknown to the trustee, since there are no other means of giving them notice which are both practicable and more effective.").

31.     Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317–18.

32.     The Debtors propose to cause a written notice of the Bar Date Package to be served via email, facsimile, or first-class mail no later than four (4) business days following entry of the Bar Date Order. This will provide for over twenty-one (21) days' notice of the Claims Bar Date, which is reasonable and consistent with notice provided in cases of similar scope and complexity.

33.     Requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a Proof of Claim on or prior to the Claims Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting section 503(b)(9) claims appropriate and adequate notice.  This approach facilitates a more cost-effective and efficient claims process for such creditors and, by obviating the need for the Debtors to file a response to individual administrative expense requests.  For this reason, courts routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code.[6]

34.     In the event that the Debtors amend their Schedules in accordance with Bankruptcy Rule 1009 and Bankruptcy Local Rule 1009-1, the Debtors shall give notice of any amendment to the holders of affected claims and such holders will have no less than thirty (30) days from the date of mailing such notice of amendment to file Proofs of Claim with respect to their claims.

35.     Holders of claims arising from the rejection of an executory contract or unexpired lease shall file claims on account of such rejection by the later of the Claims Bar Date and 5:00 p.m. prevailing Central Time on the date that is thirty (30) days following entry of the order approving the rejection.

36.     The relief requested herein provides for clear notice of the Claims Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the policies of the Bankruptcy Code.  The Bar Dates and the form and manner of

---

[6]   For the avoidance of doubt, parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code or as otherwise specified by order of the Court or in any plan confirmed in these chapter 11 cases.

providing notice thereof are appropriate, inure to the benefit of all parties in interest, and should be approved.

## III.    Redaction of Certain Confidential Information

37.    Bankruptcy Rule 5003 requires the clerk of the Court to maintain a list of claims in a publicly available claims register.  Proofs of claim forms, as well as supporting documentation, often contain personal information such as the creditor's name and address.

38.    Section 107(c)(1) of the Bankruptcy Code provides that:

> the bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A)    [a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B)    [o]ther information contained in a paper described in subparagraph (A).

39.    Cause exists for the Court to authorize employees and former employees of the Debtors and their non-Debtor affiliates to file a redacted Proof of Claim that does not disclose personally identifiable information with the Debtors' Claims and Noticing Agent, provided that an unredacted Proof of Claim shall be provided upon request by the Debtors.  If an employee or former employee files an unredacted Proof of Claim with the Debtors' Claims and Noticing Agent, the Debtors will take reasonable steps to redact such information on the publicly available claims register.  Such information could be used to perpetrate identity theft or unlawful injury to an individual and may result in a violation of the applicable data privacy laws governing the use of information outside of the United States.[7]

---

[7]    *See Debtors'* _Emergency_ *Motion for Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors, (B) File a Consolidated List of the 30 Largest Unsecured Creditors, and (C) Redact Certain*

**Reservation of Rights**

40.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

---

*Personal Identification Information; (II) Waiving or Modifying the Requirement to File a List of Equity Security Holders; (III) Approving the Form and Manner of Notifying Creditors of the Commencement of These Chapter 11 Cases; and (IV) Granting Related Relief* [Docket No. 5].

**Notice**

41.     The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the Office of the United States Trustee for the Southern District of Texas; (b) proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd 13th Floor, Los Angeles, CA 90067; (c) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (d) counsel to the Ad Hoc Group, Milbank LLP, 55 Hudson Yards, New York, NY 10001; (e) counsel to Crestview, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017; (f) counsel to the Senior DIP Lenders, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020; (g) counsel to Alter Domus (US) LLC, as agent under the Superpriority Credit Agreement, Norton Rose Fulbright US LLP, 1301 6th Avenue, New York, NY 10019; (h) counsel to GLAS Trust Company LLC, as agent under the Senior DIP Facility, Seward & Kissel LLP, One Battery Park Plaza, New York, NY 10004; (i) counsel to GLAS Trust Company LLC, as agent under the Junior DIP Facility and under the First Lien Credit Agreement, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, NY 10019; (j) counsel to UBS AG, Stamford Branch, as agent under the Revolving Credit Agreement, Cahill Gordon & Reindel LLP, 32 Old Slip, New York, NY 10005; (k) the United States Attorney's Office for the Southern District of Texas; (l) the Internal Revenue Service; (m) the United States Securities and Exchange Commission; (n) the state attorneys general for states in which the Debtors conduct business; (o) other regulatory agencies having a regulatory or statutory interest in these cases; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

42.     A   copy   of   this   motion   is   available   on   (a)   the   Court's   website,   at www.txs.uscourts.gov, and (b) the website maintained by the Debtors' claims and noticing agent at https://omniagentsolutions.com/Hornblower.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

March 28, 2024

Respectfully submitted,

By: */s/ John F. Higgins*

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Paul M. Basta (admitted *pro hac vice*)
Jacob A. Adlerstein (admitted *pro hac vice*)
Kyle J. Kimpler (admitted *pro hac vice*)
Sarah Harnett (admitted *pro hac vice*)
Kyle R. Satterfield (admitted *pro hac vice*)
Neda Davanipour (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
pbasta@paulweiss.com
jadlerstein@paulweiss.com
kkimpler@paulweiss.com
sharnett@paulweiss.com
ksatterfield@paulweiss.com
ndavanipour@paulweiss.com

*Proposed Counsel to the Debtors and the Debtors in Possession*

**<ins>Certificate of Service</ins>**

I certify that on March 28, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins