**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HORNBLOWER HOLDINGS LLC, *et al.*,[1] | ) Case No. 24-90061 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |

**ORDER (I) SETTING BAR DATES FOR FILING PROOFS**
**OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER**
**SECTION 503(b)(9), (II) ESTABLISHING AMENDED SCHEDULES**
**BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING**
**THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING**
**SECTION 503(b)(9) REQUESTS, AND (IV) APPROVING NOTICE OF BAR DATES**

[Relates to Docket No.   ]

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Bar Date Order") (a) establishing deadlines

for filing proofs of claim, including requests for payment under section 503(b)(9) of the

Bankruptcy Code, in these chapter 11 cases, (b) establishing the Amended Schedules Bar Date and

the Rejection Damages Bar Date (each as defined herein), (c) approving the form and manner for

filing such claims, including any section 503(b)(9) requests for payment, and (d) approving notice

of the Bar Dates (as defined herein); and upon the First Day Declaration; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is

---

[1] The last four digits of Debtor Hornblower Holdings LLC's tax identification number are 6035. Due to the large number of debtor entities in these chapter 11 cases which are being jointly administered, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Hornblower. The location of the Debtors' service address for purposes of these chapter 11 cases is: Pier 3 on The Embarcadero, San Francisco, CA 94111.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order

consistent with Article III of the United States Constitution; and this Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and this

Court having found that the relief requested in the Motion is in the best interests of the Debtors'

estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other

notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court, if any (the

"Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

## I.     The Bar Dates and Procedures for Filing Proofs of Claim

1.     Each entity[3] that asserts a claim against any of the Debtors that arose before the

Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code,

shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in

the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4]  Except

in the cases of governmental units and certain other exceptions explicitly set forth herein, *all*

---

[3]     Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]     Copies of Official Form 410 may be obtained by: (a) calling the Debtors' restructuring hotline at (888) 504-8055 (Toll Free U.S.) or +1 (747) 263-0163 (Non-U.S. Parties); (b) visiting the Debtors' restructuring website at: https://omniagentsolutions.com/Hornblower; and/or (c) visiting the website maintained by the Court at http://www.txs.uscourts.gov/bankruptcy.

***Proofs of Claim must be filed so that they are actually received on or before Monday, May 20, 2024, at 5:00 p.m., prevailing Central Time (the "Claims Bar Date"), at the addresses and in the form set forth herein.*** The Claims Bar Date applies to all types of claims against any of the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in this Bar Date Order.

2. Each employee and former employee of the Debtors and their non-Debtor affiliates that asserts a claim against the Debtors that arose before the Petition Date is authorized to file a Proof of Claim that redacts personally identifiable information with the Debtors' Claims and Noticing Agent, provided that an unredacted Proof of Claim shall be provided upon request by the Debtors.

3. The Debtors are authorized to take reasonable action to prevent employees' and former employees' personally identifiable information from being publicly available on the claims register.

4. All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtors were a party, ***so they are actually received on or before Monday, August 19, 2024, at 5:00 p.m., prevailing Central Time*** (the "Governmental Bar Date"), at the address and in the form set forth herein.

5. Unless otherwise ordered, all entities asserting claims arising from the Debtors' rejection of executory contracts and unexpired leases shall file a Proof of Claim on account of such

rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m. prevailing Central Time on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date").

6. If any of the Debtors amend the Schedules after having given notice of the Bar Dates (as defined below), the applicable Debtor shall give notice by first-class mail of any amendment to holders of claims affected thereby, and, except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date the notice of the Schedule amendment is mailed (the "Amended Schedules Bar Date" and together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates").

7. All Proofs of Claim must be filed or submitted so as to be **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date. If Proofs of Claim are not received by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans of reorganization filed in these chapter 11 cases and/or receiving distributions from the applicable Debtor on account of such claims in these chapter 11 cases.

## II.      Parties Required to File Proofs of Claim

8.      Except as otherwise set forth herein, the Debtors respectfully request that the Court require each of the following entities holding claims against the Debtors arising prior to the Petition Date to file Proofs of Claim on or before the applicable Bar Date:

  a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to share in any distribution in any of these chapter 11 cases;

  b.      any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

  c.      any former or present full-time, part-time, salaried, or hourly employees whose claims relate to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance, to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, or benefits;

  d.      any entity that believes its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules;

  e.      any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code; and

  f.      any customers of AQV who believe their AQV Customer Deposit Claims are entitled to priority under section 507(a)(7) of the Bankruptcy Code.[5]

## III.      Parties Exempted from the Bar Date

9.      The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the Bar Date:

---

[5]      The Debtors reserve all rights, defenses and remedies with respect to any such Proofs of Claim asserting priority status with respect to AQV Customer Deposit Claims.

a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any entity that already has filed a signed Proof of Claim against the applicable Debtor or submitted a signed Proof of Claim with the Claims and Noticing Agent in a form substantially similar to Official Form 410 against the applicable Debtor, but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c.      any entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.      any entity whose claim has previously been allowed by a final order of the Court;

e.      any person or entity asserting an unsecured non-priority AQV Customer Deposit Claim who has submitted a claim form via the AQV Refund Website;

f.      any Debtor or non-Debtor affiliate, parent, or subsidiary (whether direct or indirect and whether wholly owned or not) having a claim against a Debtor;

g.      any entity whose claim is solely against any non-Debtor affiliates;

h.      any entity whose claim has been paid in full by a Debtor pursuant to the Bankruptcy Code or in accordance with a Court order;

i.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.      any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

k.      any entity holding a claim for which a separate deadline is fixed by this Court;

l.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, including any professionals retained by the Debtors or the Committee, or any other statutory committee, that assert administrative

claims for fees and expenses subject to the Court's approval pursuant to section 330 and 331 of the Bankruptcy Code, but in each case, solely to the extent of such administrative claim(s); *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claim by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

m.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to the DIP Order, including, for the avoidance of doubt, the DIP Agents, DIP Secured Parties, Prepetition First Lien Loan Parties, Prepetition Revolving Loan Parties, and the Prepetition Agents (each as defined in the DIP Order), as set forth in the DIP Order; *provided* that (i) each applicable Agent and DIP Agent (as defined in the DIP Order) is authorized but not directed to file a single master Proof of Claim in the Debtors' lead case by the Claims Bar Date with regard to all of the claims arising under the applicable DIP Credit Agreement or Prepetition Credit Agreement, which shall be deemed to have been filed against each applicable Debtor, and (ii) any such master Proof of Claim shall not be required to include any instruments, agreements or other documents evidencing the obligations owing by each applicable Debtor to the applicable holder of a claim for any fees, expenses, or other obligations arising or payable under the DIP Order or Prepetition Credit Agreement, as applicable, which instruments, agreements or other documents will be provided upon written request to counsel to the applicable Agent or DIP Agent;

n.      any holder of a JBIH Claim for any Claims arising under or in connection with the JBIH Credit Agreement; *provided* that (i) the JBIH Agent (as defined in the RSA) is authorized but not directed to file a single master Proof of Claim in the Debtors' lead case by the Claims Bar Date with regard to all of the claims thereunder, which shall be deemed to have been filed against each applicable Debtor, and (ii) any such master Proof of Claim shall not be required to include any instruments, agreements or other documents evidencing the obligations owing by each applicable Debtor to the applicable holder of JBIH Claims, which instruments, agreements or other documents will be provided upon written request to counsel to the JBIH Agent;

o.      any entity holding an equity interest in any Debtor; and

p.      any counterparty to an executory contract or unexpired lease whose contract or lease is assumed or assumed and assigned by the Debtors, solely with respect to claims arising under such contract or lease or any related agreements.

**IV.      Substantive Requirements of Proofs of Claim**

10.      The following requirements shall apply with respect to filing and preparing each Proof of Claim:

    a.    ***Contents***.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. prevailing Central Time, on the Petition Date (and, to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

    b.    ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

    c.    ***Electronic Signatures Permitted***.  Only ***original*** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

    d.    ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 24-90061 (MI)), or otherwise without identifying a specific Debtor, may be deemed as filed only against Hornblower Group, Inc. or American Queen Holdings, LLC, as applicable, in the Debtors' sole discretion.

    e.    ***Claim Against Multiple Debtor Entities***.  Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Hornblower Group, Inc. or American Queen Holdings, LLC, as applicable, in the Debtors' sole discretion.

    f.    ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).

If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contains current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party shall be required to transmit such documentation to Debtors' counsel no later than ten (10) days from the date of such request.

g.  ***Timely Service***.  Each Proof of Claim must be filed or submitted, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://omniagentsolutions.com/Hornblower or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or other applicable Bar Date, at the following addresses:

**If by First-Class Mail, Hand Delivery, or Overnight Mail:**
Hornblower Holdings LLC Claims Processing Center
c/o Omni Agent Solutions, Inc.
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.  ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

11.  Notwithstanding anything to the contrary, the DIP Agents and the DIP Secured Parties (each as defined in the DIP Order) shall, consistent with the terms of the DIP Order, not be required to file a Proof of Claim for any DIP Superpriority Claims, DIP Liens, or DIP Obligations (each as defined in the DIP Order).

## V.        Identification of Known Creditors.

12.     The Debtors shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time.

## VI.        Procedures for Providing Notice of the Bar Date

### A.        Mailing of Bar Date Notices.

13.     The Debtors will cause a written notice of the Bar Date Package to be served via email, facsimile, or first class mail no later than four (4) business days following entry of this Bar Date Order, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice") and a Proof of Claim Form (together, the "Bar Date Package") to be mailed via email, facsimile, or first class mail to the following entities:

    a.    the U.S. Trustee;

    b.    the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);

    c.    Davis Polk & Wardwell LLP, as counsel to Crestview;

    d.    Milbank LLP, as counsel to the Ad Hoc Group;

    e.    White & Case LLP, as counsel to the Senior DIP Lenders;

    f.    Norton Rose Fulbright US LLP, as counsel to Alter Domus (US) LLC, as agent under the Superpriority Credit Agreement;

    g.    Seward & Kissel LLP, as counsel to GLAS Trust Company LLC, as agent under the Senior DIP Facility;

    h.    ArentFox Schiff LLP, as counsel to GLAS Trust Company LLC, as agent under the Junior DIP Facility and under the First Lien Credit Agreement;

    i.    Cahill Gordon & Reindel LLP, as counsel to UBS AG, Stamford Branch, as agent under the Revolving Credit Agreement;

    j.    Pachulski Stang Ziehl & Jones LLP, as proposed counsel to the Committee;

k.  all entities listed in the Schedules as holding claims (including those listed as contingent, unliquidated, or disputed) against the Debtors;

l.  all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

m.  all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the Bar Date Order;

n.  all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

o.  all entities who are party to executory contracts and unexpired leases with the Debtors;

p.  all entities who are party to active litigation with the Debtors;

q.  all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

r.  all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

s.  the Office of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;

t.  the District Director of the Internal Revenue Service for the Southern District of Texas;

u.  all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

v.  all other entities listed on the Debtors' matrix of creditors;

w.  the United States Securities and Exchange Commission; and

x.  the Office of the United States Attorney for the Southern District of Texas.

14.  The Debtors shall provide all known creditors listed in the Debtors' Schedules with a personalized Proof of Claim Form, which will set forth: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; and (c) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.  The Debtors' creditors that are listed in the Debtors' Schedules as contingent, unliquidated, or disputed

11

shall receive a non-personalized Proof of Claim Form.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. Any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

15.     After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen (14) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

**B.     Publication of Bar Date Notice**

16.     The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Bar Date Notice to be published as soon as reasonably practicable after entry of the Bar Date Order, modified for publication in substantially the form annexed hereto as **<u>Exhibit 3</u>** (the "<u>Publication Notice</u>"), on one occasion in the national edition of *The New York Times* and the *San Francisco Chronicle*, and any such other local publications that the Debtors deem appropriate and disclose in the Claims and Noticing Agent's affidavit of service.

17.     Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

**VII.     Consequences of Failure to File a Proof of Claim**

18.     Any person or entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their chapter 11 estates (or filing a Proof of Claim with respect thereto) and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on Schedule F of the Schedules as not contingent, not disputed, and liquidated.  Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

19.     Any such entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

## VIII.   Miscellaneous

20.     Nothing in the Motion shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

21.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

22.     The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

23.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

24.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

Houston, Texas
Dated: _____, 2024

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS**

To select a debtor, please see attached Exhibit A.

A list of Other Names Used by the Debtor in the Last 8 Years is attached as Rider No. 1

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.  This form is for making a claim for payment in a bankruptcy case.  Do not use this form to make a request for payment of an administrative expense.  Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents.  Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.  **Do not send original documents;** they may be destroyed after scanning.  If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes    From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name

Number        Street

City                    State        ZIP Code

Contact Phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one)

_____

**Where should payments to the creditor be sent? (if different)**

Name

Number        Street

City                    State        ZIP Code

Contact Phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☐ No
☐ Yes    Claim Number on court claims registry (if known) _____    Filed On _____
                                                                        MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes    Who made the earlier filing? _____

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☐ No

☐ Yes    Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

7. **How much is the claim?**    $ _____    **Does this amount include interest or other charges?**

☐ No

☐ Yes    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information

_____

9. **Is all or part of the claim secured?**

☐ No

☐ Yes    The claim is secured by a lien on property

**Nature of property:**

☐ Real Estate    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*

☐ Motor Vehicle

☐ Other    Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.

**Value of Property:**    $ _____

**Amount of the claim that is secured:**    $ _____

**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate:**    (when case was filed)    _____%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☐ No

☐ Yes    **Amount necessary to cure any default as of the date of the petition.**    $ _____

11. **Is this claim subject to a right of setoff?**

☐ No

☐ Yes    Identify the property: _____

12. **Is this claim for the value of goods received by the debtor within 20 days before the commencement  date of this case (11 U.S.C. §503(b)(9))?**

☐ No

☐ Yes    Amount of 503(b)(9) Claim:    $ _____

Official Form 410    **Proof of Claim**

**13. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes   *Check all that apply*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use.  11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier.  11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan 11 U.S.C. § 507(a)(5).

$ _____

☐ Other.  Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$ _____

*  Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:**       **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am the guarantor, surety, endorser, or other codebtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                    MM  /  DD  / YYYY

_____
   Signature

**Print the name of the person who is completing and signing this claim:**

Name      _____
            First Name              Middle Name            Last Name

Title     _____

Company   _____
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____
            Number          Street

          _____
            City                            State        ZIP Code

Contact Phone  _____  Email  _____

---

Official Form 410                    **Proof of Claim**

Official Form 410 Proof of Claim - Exhibit A

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS

**Fill in the information to identify the case (Select only one Debtor per form):**

☐ Hornblower Holdings LLC - Case No. 24-90061

☐ Alcatraz Cruises, LLC - Case No. 24-90062

☐ Alcatraz Fleet, LLC - Case No. 24-90063

☐ Alcatraz Freedom, LLC - Case No. 24-90066

☐ Alcatraz Island Services, LLC - Case No. 24-90075

☐ American Countess, LLC - Case No. 24-90080

☐ American Duchess, LLC - Case No. 24-90082

☐ American Queen Holdco, LLC - Case No. 24-90086

☐ American Queen Holdings, LLC - Case No. 24-90095

☐ American Queen Steamboat Operating Company, LLC - Case No. 24-90100

☐ American Queen Sub, LLC - Case No. 24-90104

☐ Anchor Mexico Holdings, LLC - Case No. 24-90108

☐ Anchor Operating System, LLC - Case No. 24-90113

☐ ASG Advisors, LLC - Case No. 24-90119

☐ Babarusa, LLC - Case No. 24-90124

☐ Bay State, LLC - Case No. 24-90126

☐ Booth Primary, LLC - Case No. 24-90132

☐ Boston Harbor Cruises, LLC - Case No. 24-90137

☐ Choi Advisory, LLC - Case No. 24-90138

☐ City Cruises Cafe, LLC - Case No. 24-90064

☐ City Cruises Limited - Case No. 24-90072

☐ City Ferry Transportation Services, LLC - Case No. 24-90081

☐ Colugo Liner, LLC - Case No. 24-90085

☐ Cruising Excursions Limited - Case No. 24-90089

☐ Cruising Excursions Transport, Limited - Case No. 24-90094

☐ EON Partners, LLC - Case No. 24-90099

☐ Falls Mer, LLC - Case No. 24-90105

☐ Ferryboat Santa Rosa, LLC - Case No. 24-90109

☐ Gharian Holdings, LLC - Case No. 24-90112

☐ Gourd Management, LLC - Case No. 24-90118

☐ HBAQ Holdings, LLC - Case No. 24-90122

☐ HBAQ Holdings, LP - Case No. 24-90125

☐ HMS American Queen Steamboat Company, LLC - Case No. 24-90131

☐ HMS Ferries, Inc. - Case No. 24-90141

☐ HMS Ferries - Puerto Rico, LLC - Case No. 24-90136

☐ HMS Global Maritime, Inc. - Case No. 24-90144

☐ HMS Global Maritime, LLC - Case No. 24-90101

☐ HMS Vessel Holdings, LLC - Case No. 24-90106

☐ HMS-Alabama, Inc. - Case No. 24-90115

☐ HMS-Oklahoma, Inc. - Case No. 24-90120

☐ HMS-WestPac, Inc. - Case No. 24-90130

☐ HNY Ferry, LLC - Case No. 24-90146

☐ HNY Ferry II, LLC - Case No. 24-90142

☐ HNY Ferry Fleet, LLC - Case No. 24-90134

☐ Hornblower Cable Cars, Inc. - Case No. 24-90151

☐ Hornblower Canada Co. - Case No. 24-90068

☐ Hornblower Canada Entertainment Limited - Case No. 24-90071

☐ Hornblower Canadian Holdings, Inc. - Case No. 24-90078

☐ Hornblower Consulting, LLC - Case No. 24-90155

☐ Hornblower Cruise Holdings, LLC - Case No. 24-90154

☐ Hornblower Cruises and Events Canada Limited - Case No. 24-90092

☐ Hornblower Cruises and Events, Inc. - Case No. 24-90087

☐ Hornblower Cruises and Events, LLC - Case No. 24-90149

☐ Hornblower Development, LLC - Case No. 24-90076

☐ Hornblower Energy, LLC - Case No. 24-90088

☐ Hornblower Facility Operations, LLC - Case No. 24-90097

☐ Hornblower Ferry Holdings, LLC - Case No. 24-90117

☐ Hornblower Ferry Holdings II, LLC - Case No. 24-90107

☐ Hornblower Fleet, LLC - Case No. 24-90127

☐ Hornblower Freedom, LLC - Case No. 24-90140

☐ Hornblower Group, Inc. - Case No. 24-90067

☐ Hornblower Group, LLC - Case No. 24-90157

☐ Hornblower Group Holdco, LLC - Case No. 24-90147

☐ Hornblower Holdco, LLC - Case No. 24-90160

☐ Hornblower Holdings LP - Case No. 24-90162

☐ Hornblower Hospitality Services, LLC - Case No. 24-90163

☐ Hornblower India Holdings, LLC - Case No. 24-90161

☐ Hornblower Metro Ferry, LLC - Case No. 24-90159

☐ Hornblower Metro Fleet, LLC - Case No. 24-90158

☐ Hornblower Metro Holdings, LLC - Case No. 24-90156

☐ Hornblower Municipal Operations, LLC - Case No. 24-90069

☐ Hornblower New York, LLC - Case No. 24-90074

**Official Form 410   Proof of Claim - Exhibit A**

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS

**Fill in the information to identify the case (Select only one Debtor per form):**

- ☐ Hornblower Shipyard, LLC - Case No. 24-90079
- ☐ Hornblower Sub, LLC - Case No. 24-90084
- ☐ Hornblower UK Holdings Limited - Case No. 24-90091
- ☐ Hornblower Yachts, LLC - Case No. 24-90096
- ☐ JJ Audubon, LLC - Case No. 24-90102
- ☐ Journey Beyond Holdings, LLC - Case No. 24-90110
- ☐ Liberty Cruises, LLC - Case No. 24-90114
- ☐ Liberty Fleet, LLC - Case No. 24-90121
- ☐ Liberty Hospitality, LLC - Case No. 24-90128
- ☐ Liberty Landing Ferries, LLC - Case No. 24-90133
- ☐ Lyman Partners, LLC - Case No. 24-90139
- ☐ Madison Union, LLC - Case No. 24-90143
- ☐ Mission Bay Water Transit, LLC - Case No. 24-90148
- ☐ Mission Bay Water Transit Fleet, LLC - Case No. 24-90153
- ☐ Orane Partners, LLC - Case No. 24-90150
- ☐ San Francisco Pier 33, LLC - Case No. 24-90065
- ☐ SEA Operating Company, LLC - Case No. 24-90070
- ☐ Seaward Services, Inc. - Case No. 24-90073
- ☐ Statue Cruises, LLC - Case No. 24-90077
- ☐ Statue of Liberty IV, LLC - Case No. 24-90083
- ☐ Statue of Liberty V, LLC - Case No. 24-90090
- ☐ Statue of Liberty VI, LLC - Case No. 24-90093
- ☐ TCB Consulting, LLC - Case No. 24-90098
- ☐ Venture Ashore, LLC - Case No. 24-90103
- ☐ Victory Holdings I, LLC - Case No. 24-90111
- ☐ Victory Holdings II, LLC - Case No. 24-90116
- ☐ Victory Operating Company, LLC - Case No. 24-90123
- ☐ Walks, LLC (Delaware) - Case No. 24-90135
- ☐ Walks, LLC (Texas) - Case No. 24-90060
- ☐ Walks of New York Tours, LLC - Case No. 24-90129
- ☐ Yardarm Club (The) Limited - Case No. 24-90145
- ☐ York River Boat Cruises Limited - Case No. 24-90152

Debtor    **Hornblower Holdings LLC,** *et al.*                    Case Number    **Case No. 24-90061 (MI)**

### Rider 1
### Other Names Used in the Last 8 Years

| Current Entity Name | Former Entity Name |
|---|---|
| Alcatraz Cruises, LLC | d/b/a Alcatraz City Cruises anchored by Hornblower |
| American Queen Steamboat Operating Company, LLC | f/k/a Great American Steamboat Company, LLC; d/b/a American Queen Voyages; American Queen Steamboat Company; American Queen; American Duchess; American Countess; American Empress |
| Boston Harbor Cruises, LLC | d/b/a Boston Harbor City Cruises anchored by Hornblower; Boston Harbor Cruises |
| City Cruises Café, LLC | d/b/a City Café |
| City Cruises Ltd. | f/k/a City Cruises Public Limited Company |
| Ferryboat Santa Rosa, LLC | f/k/a Ferryboat Santa Rosa Corporation |
| HMS Ferries, Inc. | d/b/a Oklahoma River Cruises; RiverLink Ferry; Pierce County Ferry anchored by Hornblower; Pensacola Bay City Ferry anchored by Hornblower; Cross Bay Ferry; St. Johns River Ferry |
| HMS Ferries – Puerto Rico, LLC | d/b/a Puerto Rico Ferry anchored by Hornblower |
| HMS-Alabama, Inc. | d/b/a Gees Bend Ferry; Mobile Bay Ferry |
| HMS-Oklahoma, Inc. | d/b/a Oklahoma River Cruises |
| HNY Ferry, LLC | d/b/a NYC Ferry; New York City Ferry; NY Ferry; City Ferry; Melting Pot; City Fishy; White Sands; Time Traveler; Dream Boat; Forget Me Knot; Cyclone Shark; Purpose; Koalafield Cruiser; Signs to Liberty; Tooth Ferry; Bay Hopper; Ferry Godmother; Curiosity; River Sprinter; Jewel of the Harbor; Starlight; Traversity; Golden Narrows; Seas the Day; Unity; Rainbow Cruise; Spring Mallard; Atlantic Compass; Ocean Queen Rockstar; Flyer; H203; H106; Happy Hauler; Great Eagle; Owls Head; Opportunity; H102; Friendship Express; H101; Connector; Hull 200; Hull 202; Hull 201; Waves of Wonder; Citywide Ferry; East River Ferry; Citywide Ferry by Hornblower; Urban Journey; Munsee; McShiny; Sunset Crossing |
| HNY Ferry II, LLC | d/b/a NYC Ferry; New York City Ferry; City Ferry |
| Hornblower Canada Co. | f/k/a Hornblower Canada Limited; d/b/a Niagara City Cruises anchored by Hornblower |
| Hornblower Canadian Holdings, Inc. | f/k/a Hornblower Canadian Holdings, LLC |
| Hornblower Consulting, LLC | f/k/a HMS Consulting and Technical, LLC; HMS Consulting, LLC |
| Hornblower Cruises and Events, Inc. | f/k/a Entertainment Cruises, Inc. |
| Hornblower Cruises and Events, LLC | f/k/a Spirit Cruises, LLC; d/b/a Capital Elite; Odyssey III; Spirit of Mount Vernon; National Elite; Spirit of Baltimore II; Cherry Blossom; Freedom Elite; |
| Hornblower Cruises and Events Canada Limited | f/k/a Island Memories Restaurant; d/b/a City Cruises anchored by Hornblower; Dockside Restaurant; |
| Hornblower Development, LLC | f/k/a Hornblower Development Corporation |
| Hornblower Energy, LLC | f/k/a Mission Bay Water Transit Holdings, LLC |
| Hornblower Fleet, LLC | f/k/a California Hornblower, LLC |
| Hornblower Freedom, LLC | f/k/a AQ Shore Excursions, LLC |
| Hornblower Holdings LLC | f/k/a Hornblower & American Queen Group GP, LLC |
| Hornblower Holdings LP | f/k/a Hornblower & American Queen Group, LP |
| Hornblower Hospitality Services, LLC | f/k/a Hornblower Hospitality Services, Inc. |
| Hornblower New York, LLC | f/k/a Statue Cruises Hospitality, LLC; Statue Hospitality LLC; d/b/a Hornblower Infinity; Hornblower Espirit; Hornblower Cruises & Events; Hornblower Serenity; Hornblower New York |

Debtor   **Hornblower Holdings LLC, *et al.***                Case Number) **Case No. 24-90061 (MI)**

| Hornblower Shipyard, LLC | d/b/a Hornblower Marine; Hornblower Marine Propulsion |
|---|---|
| Hornblower Yachts, LLC | d/b/a Just Dreamin; City Cruises anchored by Hornblower; Pacific Coast Yacht Club; Icon Yacht Charters; Charter Yachts of Newport Beach |
| Liberty Landing Ferries, LLC | d/b/a Liberty Landing City Ferry |
| SEA Operating Company, LLC | d/b/a American Queen Voyages |
| Statue Cruises, LLC | d/b/a Statue City Cruises anchored by Hornblower |
| Statue of Liberty IV, LLC | d/b/a Liberty IV |
| Statue of Liberty V, LLC | d/b/a Liberty V |
| Statue of Liberty VI, LLC | d/b/a Liberty VI |
| Victory Operating Company, LLC | d/b/a Ocean Victory; Ocean Navigator; Ocean Voyager; American Queen Voyages; Victory Cruise Lines |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system (www.pacer.psc.uscourts.gov) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

## Exhibit 2

**Proposed Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HORNBLOWER HOLDINGS LLC, *et al.*,[1] | ) | Case No. 24-90061 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF
THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Hornblower Holdings LLC | 24-90061 |
| Alcatraz Cruises, LLC | 24-90062 |
| Alcatraz Fleet, LLC | 24-90063 |
| Alcatraz Freedom, LLC | 24-90066 |
| Alcatraz Island Services, LLC | 24-90075 |
| American Countess, LLC | 24-90080 |
| American Duchess, LLC | 24-90082 |
| American Queen HoldCo, LLC | 24-90086 |
| American Queen Holdings, LLC | 24-90095 |
| American Queen Steamboat Operating Company, LLC | 24-90100 |
| American Queen Sub, LLC | 24-90104 |
| Anchor Mexico Holdings, LLC | 24-90108 |
| Anchor Operating System, LLC | 24-90113 |
| ASG Advisors, LLC | 24-90119 |
| Babarusa, LLC | 24-90124 |
| Bay State, LLC | 24-90126 |
| Booth Primary, LLC | 24-90132 |
| Boston Harbor Cruises, LLC | 24-90137 |
| Choi Advisory, LLC | 24-90138 |

---

[1]   The last four digits of Debtor Hornblower Holdings LLC's tax identification number are 6035.  Due to the large number of debtor entities in these chapter 11 cases which are being jointly administered, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Hornblower.  The location of the Debtors' service address for purposes of these chapter 11 cases is: Pier 3 on The Embarcadero, San Francisco, CA 94111.

| DEBTOR | CASE NO. |
|---|---|
| City Cruises Ltd. | 24-90072 |
| City Cruises Café, LLC | 24-90064 |
| City Ferry Transportation Services, LLC | 24-90081 |
| Colugo Liner, LLC | 24-90085 |
| Cruising Excursions Ltd. | 24-90089 |
| Cruising Excursions Transport, Ltd. | 24-90094 |
| Eon Partners, LLC | 24-90099 |
| Falls Mer, LLC | 24-90105 |
| Ferryboat Santa Rosa, LLC | 24-90109 |
| Gharian Holdings, LLC | 24-90112 |
| Gourd Management, LLC | 24-90118 |
| HBAQ Holdings, LLC | 24-90122 |
| HBAQ Holdings, LP | 24-90125 |
| HMS American Queen Steamboat Company, LLC | 24-90131 |
| HMS Ferries, Inc. | 24-90141 |
| HMS Ferries – Puerto Rico, LLC | 24-90136 |
| HMS Global Maritime, Inc. | 24-90144 |
| HMS Global Maritime, LLC | 24-90101 |
| HMS Vessel Holdings, LLC | 24-90106 |
| HMS-Alabama, Inc. | 24-90115 |
| HMS-Oklahoma, Inc. | 24-90120 |
| HMS-WestPac, Inc. | 24-90130 |
| HNY Ferry, LLC | 24-90146 |
| HNY Ferry II, LLC | 24-90142 |
| HNY Ferry Fleet, LLC | 24-90134 |
| Hornblower Cable Cars, Inc. | 24-90151 |
| Hornblower Canada Co. | 24-90068 |
| Hornblower Canada Entertainment Ltd. | 24-90071 |
| Hornblower Canadian Holdings, Inc. | 24-90078 |
| Hornblower Consulting, LLC | 24-90155 |
| Hornblower Cruise Holdings, LLC | 24-90154 |
| Hornblower Cruises and Events Canada Ltd. | 24-90092 |
| Hornblower Cruises and Events, Inc. | 24-90087 |
| Hornblower Cruises and Events, LLC | 24-90149 |
| Hornblower Development, LLC | 24-90076 |
| Hornblower Energy, LLC | 24-90088 |
| Hornblower Facility Operations, LLC | 24-90097 |
| Hornblower Ferry Holdings, LLC | 24-90117 |
| Hornblower Ferry Holdings II, LLC | 24-90107 |
| Hornblower Fleet, LLC | 24-90127 |
| Hornblower Freedom, LLC | 24-90140 |
| Hornblower Group, Inc. | 24-90067 |
| Hornblower Group, LLC | 24-90157 |
| Hornblower Group Holdco, LLC | 24-90147 |
| Hornblower Holdco, LLC | 24-90160 |

| DEBTOR | CASE NO. |
|---|---|
| Hornblower Holdings LP | 24-90162 |
| Hornblower Hospitality Services, LLC | 24-90163 |
| Hornblower India Holdings, LLC | 24-90161 |
| Hornblower Metro Ferry, LLC | 24-90159 |
| Hornblower Metro Fleet, LLC | 24-90158 |
| Hornblower Metro Holdings, LLC | 24-90156 |
| Hornblower Municipal Operations, LLC | 24-90069 |
| Hornblower New York, LLC | 24-90074 |
| Hornblower Shipyard, LLC | 24-90079 |
| Hornblower Sub, LLC | 24-90084 |
| Hornblower UK Holdings Ltd. | 24-90091 |
| Hornblower Yachts, LLC | 24-90096 |
| JJ Audobon, LLC | 24-90102 |
| Journey Beyond Holdings, LLC | 24-90110 |
| Liberty Cruises, LLC | 24-90114 |
| Liberty Fleet, LLC | 24-90121 |
| Liberty Hospitality, LLC | 24-90128 |
| Liberty Landing Ferries, LLC | 24-90133 |
| Lyman Partners, LLC | 24-90139 |
| Madison Union, LLC | 24-90143 |
| Mission Bay Water Transit, LLC | 24-90153 |
| Mission Bay Water Transit Fleet, LLC | 24-90148 |
| Orane Partners, LLC | 24-90150 |
| San Francisco Pier 33, LLC | 24-90065 |
| Sea Operating Company, LLC | 24-90070 |
| Seaward Services, Inc. | 24-90073 |
| Statue Cruises, LLC | 24-90077 |
| Statue of Liberty IV, LLC | 24-90083 |
| Statue of Liberty V, LLC | 24-90090 |
| Statue of Liberty VI, LLC | 24-90093 |
| TCB Consulting, LLC | 24-90098 |
| Venture Ashore, LLC | 24-90098 |
| Victory Holdings I, LLC | 24-90111 |
| Victory Holdings II, LLC | 24-90116 |
| Victory Operating Company, LLC | 24-90123 |
| Walks, LLC (Del.) | 24-90135 |
| Walks, LLC (Tex.) | 24-90060 |
| Walks of New York Tours, LLC | 24-90129 |
| Yardarm Club (the) Ltd. | 24-90145 |
| York River Boat Cruises Limited | 24-90152 |

**PLEASE TAKE NOTICE THAT:**

On February 21, 2024, (the "Petition Date"), Hornblower Holdings LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition

for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On [●], 2024 the Court entered an order [Docket No. [●]] the ("Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("Proofs of Claim").

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.    THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively the "Bar Dates").

a.   ***The Claims Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, ***including requests for payment pursuant to section 503(b)(9), are required to file Proofs of Claim by Monday, May 20, 2024, at 5:00 p.m., prevailing Central Time***.  Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.   ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, ***all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file Proofs of Claim by the Governmental Bar Date (i.e., by Monday, August 19, 2024, at 5:00 p.m., prevailing Central Time)***.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

c.   ***The Rejection Damages Bar Date***.  Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by the Rejection Damages Bar Date, (*i.e.*, by the date that is ***the later of (a) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease*** of the Debtors).

d.   ***Amended Schedules Bar Date***.  Pursuant to the Bar Date Order, all entities holding claims affected by the amendment to the Debtors' Schedules are required to file Proofs of Claim by the Amended Schedules Bar Date (*i.e.*, by the date that is ***the later of (a) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment to the Schedules)***.

## II.   WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the Claims Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

a.   any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to share in any distribution in any of these chapter 11 cases;

b.   any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.   any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation, prior to the Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, or benefits;

d.   any entity that believes its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules;

e.   any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code; and

5

f.      any customers of AQV who believe their AQV Customer Deposit Claims are entitled to priority under section 507(a)(7) of the Bankruptcy Code.[3]

## III.   PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need **not** file Proofs of Claims:

a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any entity that already has filed a signed Proof of Claim against the applicable Debtor or submitted a signed Proof of Claim with the Claims and Noticing Agent in a form substantially similar to Official Form 410 against the applicable Debtor, but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c.      any entity whose claim is listed on the Schedules if:  (i) the claim is **not** scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.      any entity whose claim has previously been allowed by a final order of the Court;

e.      any person or entity asserting an unsecured non-priority AQV Customer Deposit Claim who has submitted a claim form via the AQV Refund Website;

f.      any Debtor or non-Debtor affiliate, parent, or subsidiary (whether direct or indirect and whether wholly owned or not) having a claim against a Debtor;

g.      any entity whose claim is solely against any non-Debtor affiliates;

h.      any entity whose claim has been paid in full by a Debtor pursuant to the Bankruptcy Code or in accordance with a Court order;

i.      a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

---

[3]   The Debtors reserve all rights, defenses and remedies with respect to any such Proofs of Claim asserting priority status with respect to AQV Customer Deposit Claims.

j.     any current or former officer, manager, director, or employee for claims based on indemnification, contribution, or reimbursement;

k.     any entity holding a claim for which a separate deadline is fixed by the Court;

l.     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, including any professionals retained by the Debtors or the Committee, or any other statutory committee, that assert administrative claims for fees and expenses subject to the Court's approval pursuant to section 330 and 331 of the Bankruptcy Code, but in each case, solely to the extent of such administrative claim(s); *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claim by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

m.     any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to the DIP Order, including, for the avoidance of doubt, the DIP Agents, DIP Secured Parties, Prepetition First Lien Loan Parties, Prepetition Revolving Loan Parties, and the Prepetition Agents (each as defined in the DIP Order), as set forth in the DIP Order; *provided* that (i) each applicable Agent and DIP Agent (as defined in the DIP Order) is authorized but not directed to file a single master Proof of Claim in the Debtors' lead case by the Claims Bar Date with regard to all of the claims arising under the applicable DIP Credit Agreement or Prepetition Credit Agreement, which shall be deemed to have been filed against each applicable Debtor, and (ii) any such master Proof of Claim shall not be required to include any instruments, agreements or other documents evidencing the obligations owing by each applicable Debtor to the applicable holder of a claim for any fees, expenses, or other obligations arising or payable under the DIP Order or Prepetition Credit Agreement, as applicable, which instruments, agreements or other documents will be provided upon written request to counsel to the applicable Agent or DIP Agent;

n.     any holder of a JBIH Claim for any Claims arising under or in connection with the JBIH Credit Agreement; *provided* that (i) the JBIH Agent is authorized but not directed to file a single master Proof of Claim in the Debtors' lead case by the Claims Bar Date with regard to all of the claims thereunder, which shall be deemed to have been filed against each applicable Debtor, and (ii) any such master Proof of Claim shall not be required to include any instruments, agreements or other documents evidencing the obligations owing by each applicable Debtor to the applicable holder of JBIH Claims, which instruments, agreements or other documents will be provided upon written request to counsel to the JBIH Agent;

o.     any entity holding an equity interest in any Debtor; and

p.     any counterparty to an executory contract or unexpired lease whose contract or lease is assumed or assumed and assigned by the Debtors, solely with respect to claims arising under such contract or lease or any related agreements.

**IV.   INSTRUCTIONS FOR FILING PROOFS OF CLAIM**.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.   ***Contents***.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. prevailing Central Time, on the Petition Date (and, to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.   ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.   ***Electronic Signatures Permitted***.   Only ***original*** Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.   ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (Case No. 24-90061 (MI)), or otherwise without identifying a specific Debtor, may be deemed as filed only against Hornblower Group, Inc. or American Queen Holdings, LLC, as applicable, in the Debtors' sole discretion.

e.   ***Claim Against Multiple Debtor Entities***.  Each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against Hornblower Group, Inc. or American Queen Holdings, LLC, as applicable, in the Debtors' sole discretion.

f.   ***Supporting Documentation***.   Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that (i) the Proof of Claim contains current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such party shall be required to transmit such documentation to Debtors' counsel no later than ten (10) days from the date of such request.

8

g. ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at https://omniagentsolutions.com/Hornblower, or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or other applicable Bar Date, at the following addresses:

**If by First-Class Mail, Hand Delivery, or Overnight Mail:**
Hornblower Holdings LLC Claims Processing Center
c/o Omni Agent Solutions, Inc.
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h. ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

a. YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b. THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c. YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d. YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PLANS OF REORGANIZATION FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  If you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need *not* file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.    ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors' website at https://omniagentsolutions.com/Hornblower.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://ecf.txsb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: (888) 504-8055 (Toll Free U.S.) or +1 (747) 263-0163 (Non-U.S. Parties).

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

## Exhibit 3

**Proposed Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HORNBLOWER HOLDINGS LLC, *et al.*,[1] | ) | Case No. 24-90061 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF DEADLINES FOR THE FILING
OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENTS UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

---

**THE CLAIMS BAR DATE IS:**
*Monday, May 20, 2024, AT 5:00 P.M. (PREVAILING CENTRAL TIME)*

**THE GOVERNMENTAL CLAIMS BAR DATE IS:**
**Monday, August 19, 2024, AT 5:00 P.M. (PREVAILING CENTRAL TIME)**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    ***Deadlines for Filing Proofs of Claim***.  On [●], 2024, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. [●]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim"), in these chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

| DEBTOR | CASE NO. |
|---|---|
| Hornblower Holdings LLC | 24-90061 |
| Alcatraz Cruises, LLC | 24-90062 |
| Alcatraz Fleet, LLC | 24-90063 |
| Alcatraz Freedom, LLC | 24-90066 |
| Alcatraz Island Services, LLC | 24-90075 |
| American Countess, LLC | 24-90080 |
| American Duchess, LLC | 24-90082 |

---

[1]    The last four digits of Debtor Hornblower Holdings LLC's tax identification number are 6035.  Due to the large number of debtor entities in these chapter 11 cases which are being jointly administered, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Hornblower.  The location of the Debtors' service address for purposes of these chapter 11 cases is: Pier 3 on The Embarcadero, San Francisco, CA 94111.

| DEBTOR | CASE NO. |
|---|---|
| American Queen HoldCo, LLC | 24-90086 |
| American Queen Holdings, LLC | 24-90095 |
| American Queen Steamboat Operating Company, LLC | 24-90100 |
| American Queen Sub, LLC | 24-90104 |
| Anchor Mexico Holdings, LLC | 24-90108 |
| Anchor Operating System, LLC | 24-90113 |
| ASG Advisors, LLC | 24-90119 |
| Babarusa, LLC | 24-90124 |
| Bay State, LLC | 24-90126 |
| Booth Primary, LLC | 24-90132 |
| Boston Harbor Cruises, LLC | 24-90137 |
| Choi Advisory, LLC | 24-90138 |
| City Cruises Ltd. | 24-90072 |
| City Cruises Café, LLC | 24-90064 |
| City Ferry Transportation Services, LLC | 24-90081 |
| Colugo Liner, LLC | 24-90085 |
| Cruising Excursions Ltd. | 24-90089 |
| Cruising Excursions Transport, Ltd. | 24-90094 |
| Eon Partners, LLC | 24-90099 |
| Falls Mer, LLC | 24-90105 |
| Ferryboat Santa Rosa, LLC | 24-90109 |
| Gharian Holdings, LLC | 24-90112 |
| Gourd Management, LLC | 24-90118 |
| HBAQ Holdings, LLC | 24-90122 |
| HBAQ Holdings, LP | 24-90125 |
| HMS American Queen Steamboat Company, LLC | 24-90131 |
| HMS Ferries, Inc. | 24-90141 |
| HMS Ferries – Puerto Rico, LLC | 24-90136 |
| HMS Global Maritime, Inc. | 24-90144 |
| HMS Global Maritime, LLC | 24-90101 |
| HMS Vessel Holdings, LLC | 24-90106 |
| HMS-Alabama, Inc. | 24-90115 |
| HMS-Oklahoma, Inc. | 24-90120 |
| HMS-WestPac, Inc. | 24-90130 |
| HNY Ferry, LLC | 24-90146 |
| HNY Ferry II, LLC | 24-90142 |
| HNY Ferry Fleet, LLC | 24-90134 |
| Hornblower Cable Cars, Inc. | 24-90151 |
| Hornblower Canada Co. | 24-90068 |
| Hornblower Canada Entertainment Ltd. | 24-90071 |
| Hornblower Canadian Holdings, Inc. | 24-90078 |
| Hornblower Consulting, LLC | 24-90155 |

| DEBTOR | CASE NO. |
|---|---|
| Hornblower Cruise Holdings, LLC | 24-90154 |
| Hornblower Cruises and Events Canada Ltd. | 24-90092 |
| Hornblower Cruises and Events, Inc. | 24-90087 |
| Hornblower Cruises and Events, LLC | 24-90149 |
| Hornblower Development, LLC | 24-90076 |
| Hornblower Energy, LLC | 24-90088 |
| Hornblower Facility Operations, LLC | 24-90097 |
| Hornblower Ferry Holdings, LLC | 24-90117 |
| Hornblower Ferry Holdings II, LLC | 24-90107 |
| Hornblower Fleet, LLC | 24-90127 |
| Hornblower Freedom, LLC | 24-90140 |
| Hornblower Group, Inc. | 24-90067 |
| Hornblower Group, LLC | 24-90157 |
| Hornblower Group Holdco, LLC | 24-90147 |
| Hornblower Holdco, LLC | 24-90160 |
| Hornblower Holdings LP | 24-90162 |
| Hornblower Hospitality Services, LLC | 24-90163 |
| Hornblower India Holdings, LLC | 24-90161 |
| Hornblower Metro Ferry, LLC | 24-90159 |
| Hornblower Metro Fleet, LLC | 24-90158 |
| Hornblower Metro Holdings, LLC | 24-90156 |
| Hornblower Municipal Operations, LLC | 24-90069 |
| Hornblower New York, LLC | 24-90074 |
| Hornblower Shipyard, LLC | 24-90079 |
| Hornblower Sub, LLC | 24-90084 |
| Hornblower UK Holdings Ltd. | 24-90091 |
| Hornblower Yachts, LLC | 24-90096 |
| JJ Audobon, LLC | 24-90102 |
| Journey Beyond Holdings, LLC | 24-90110 |
| Liberty Cruises, LLC | 24-90114 |
| Liberty Fleet, LLC | 24-90121 |
| Liberty Hospitality, LLC | 24-90128 |
| Liberty Landing Ferries, LLC | 24-90133 |
| Lyman Partners, LLC | 24-90139 |
| Madison Union, LLC | 24-90143 |
| Mission Bay Water Transit, LLC | 24-90153 |
| Mission Bay Water Transit Fleet, LLC | 24-90148 |
| Orane Partners, LLC | 24-90150 |
| San Francisco Pier 33, LLC | 24-90065 |
| Sea Operating Company, LLC | 24-90070 |
| Seaward Services, Inc. | 24-90073 |
| Statue Cruises, LLC | 24-90077 |
| Statue of Liberty IV, LLC | 24-90083 |

3

| DEBTOR | CASE NO. |
|---|---|
| Statue of Liberty V, LLC | 24-90090 |
| Statue of Liberty VI, LLC | 24-90093 |
| TCB Consulting, LLC | 24-90098 |
| Venture Ashore, LLC | 24-90098 |
| Victory Holdings I, LLC | 24-90111 |
| Victory Holdings II, LLC | 24-90116 |
| Victory Operating Company, LLC | 24-90123 |
| Walks, LLC (Del.) | 24-90135 |
| Walks, LLC (Tex.) | 24-90060 |
| Walks of New York Tours, LLC | 24-90129 |
| Yardarm Club (the) Ltd. | 24-90145 |
| York River Boat Cruises Limited | 24-90152 |

*The Bar Dates*. Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Debtors that arose prior to February 21, 2024, no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before *Monday, May 20, 2024, at 5:00 p.m., prevailing Central Time (the "Claims Bar Date")*. Governmental entities that have a claim or potential claim against the Debtors that arose prior to February 21, 2024, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before *Monday, August 19, 2024, at 5:00 p.m., prevailing Central Time (the "Governmental Bar Date")*. All entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim by *the date that is (a) the later of the Claims Bar Date or the Governmental Bar Date,* as applicable, and *(b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date")*. All entities holding claims affected by an amendment to the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules") are required to file Proofs of Claim, by *the later of (a) the Claims Bar Date or the Governmental Bar Date*, as applicable, and *(b) 5:00 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors mail notice of the amendment of the Schedules*, as the last date and time by which claimants holding claims affected by the amendment must file Proofs of Claims against any Debtor *(the "Amended Schedules Bar Date")*.

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE ON OR BEFORE THE CLAIMS BAR DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

*Filing a Proof of Claim*. Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface

4

available on the Claims and Noticing Agent's website at https://omniagentsolutions.com/Hornblower, or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or any other applicable Bar Date, at the following addresses:

**If by First-Class Mail, Hand Delivery, or Overnight Mail:**
Hornblower Holdings LLC Claims Processing Center
c/o Omni Agent Solutions, Inc.
5955 De Soto Avenue, Suite 100
Woodland Hills, CA 91367

*Contents of Proofs of Claim*.  Each Proof of Claim must:  (1) be written in legible English; (2) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m. prevailing Central Time, on the Petition Date (and, to the extent such claim is converted to United States dollars, state the rate used in such conversion); (3) clearly identify the Debtor against which the claim is asserted; (4) conform substantially with the Proof of Claim form provided by the Debtors or Official Form 410; (5) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink; and (6) include as attachments any and all supporting documentation on which the claim is based.  ***Please note*** that each Proof of Claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, a Proof of Claim may be treated as if filed only against Hornblower Group, Inc. or American Queen Holdings, LLC, as applicable, or if a Proof of Claim is otherwise filed without identifying a specific Debtor, the Proof of Claim may be deemed as filed only against Hornblower Group, Inc. or American Queen Holdings, LLC, as applicable, in each case, in the Debtors' sole discretion.

*Electronic Signatures Permitted*.  Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant are acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

*Section 503(b)(9) Requests for Payment*.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

*Additional Information*.  If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by:  (i) calling the Debtors' restructuring hotline at (888) 504-8055 (Toll Free U.S.) or +1 (747) 263-0163 (Non-U.S. Parties); and/or (ii) visiting the Debtors' restructuring website at: https://omniagentsolutions.com/Hornblower.