IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| IN RE:<br><br>HORNBLOWER HOLDINGS LLC, et al.,<br><br>Debtors. | ) <br>) Chapter 11<br>) <br>) Case No. 24-90061<br>) <br>) (Jointly Administered)<br>) <br>) |

**FRANCES A. POPLAU AND MARY F. HUDALLA'S JOINDER IN ARGONAUT INSURANCE COMPANY'S AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (B) APPROVING THE SOLICITATION AND PROCEDURES AND SOLICITATION PACKAGE; (C) SCHEDULING A COMBINED HEARING; (D) ESTABLISHING PROCEDURES FOR TO THE PLAN AND FINAL APPROVAL OF THE DISCLOSURE STATEMENT; (E) APPROVING THE FORM, MANNER, AND SUFFICIENCY OF NOTICE OF THE COMBINED HEARING; (F) APPROVING THE RIGHTS OFFERING PROCEDURES AND RELATED MATERIALS; (G) SCHEDULING CERTAIN DATES RELATED THERETO, AND; (H) GRANTING RELATED RELIEF; AND (II) DISCLOSURE STATEMENT FOR THE AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF HORNBLOWER HOLDINGS LLC AND ITS DEBTOR AFFILIATES**

[Relates to Docket No. 268, 269, 270, 378, 379. 437 and 445]

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Frances A. Poplau and Mary F. Hudalla, (collectively the "Subject Creditors") file this Joinder with Argonaut Insurance Company's and The Official Committee of Unsecured Creditors' in Objection to Debtors Motion for Entry of an Order (A) Conditionally Approving the Adequacy of the Disclosure Statement; (B) Approving the Solicitation and Procedures and Solicitation Package; (C) Scheduling a

1

Combined Hearing; (D) Establishing Procedures for the Plan and Final Approval of the Disclosure Statement; (E) Approving the Form, Manner and Sufficiency of Notice of the Combined Hearing; (F) Approving the Rights Offering Procedures and Related Materials; (G) Scheduling Certain Dates Related Thereto, and; (H) Granting Related Relief, and; (II) Disclosure Statement for the Amended Joint Chapter 11 Plan of Reorganization of Hornblower Holding LLC and Its' Debtor Affiliates.

**Statement Regarding Joinder in Objection by the Subject Creditors**

1. The Subject Creditors are members of a class of creditors who are owed refunds by the Debtors for prepaid passenger fares and deposits for non-performed transportation aboard one of the Debtors' former fleet of passenger boats and ships. Each of the passengers in this class had their voyages unilaterally cancelled by the Debtors. This class of creditor is a large group of creditors, now totaling in excess of 5000 claimants in this proceeding with a collective total amount of claims in excess of $39,000,000. (ECF Doc. 437 at p. 3). The Subject Creditors are owed **$71,784.00.** The indebtedness owed to the Subject Creditors is secured in part by regulatory and legal liens and or title pursuant to applicable law, including Federal Maritime Commission 46 CFR § 540.9 and the Bankruptcy Code codifying claim priorities of unsecured debt according to 11 U.S.C. § 507(a)(7).

2. The disclosures being made to Subject Creditors are woefully inadequate. The Debtors requested, and were granted, an extension of time to file mandated schedules and statements of financial affairs within a chapter 11 reorganization case. (ECF Doc. 63). Certainly, it is not incorrect to assume that at the time this Court approved DIP Financing, those new financing parties

2

necessarily had greater access to Debtors' financial information than non-reorganizational creditors. (ECF Doc. 343). Now, if the present motion at issue is not denied or modified, this Court's grant of an extension in time to file the required schedules and statements has created an insurmountable void in information which all creditors require equally. It is only with the Court's permission that the Debtor has been successful in withholding any disclosure of their assets and liabilities including the total amount of passenger fares and deposits retained by the Debtors. Now, the Debtors are seeking to expedite a time bar to a class of creditor who are included with the Subject Creditor's by requesting a final order of this Court to approve a disclosure statement which serves a benefit to an exclusive group of creditors in partnership with the Debtors in possession and to the detriment of those in the same creditor class as the Subject Creditors..

3. The Subject Creditors initially objected to the proposed requested use of cash collateral of the Subject Creditors because, among other issues, there was not adequate protections for the interests of the Subject Creditors and the Debtors who continued to hold those prepaid passenger deposited funds in cash. (See ECF Doc. 240). This objection was withdrawn solely because the Debtors' affirmed that its reliance on $39,000,000 of insurance in the form of a bond was not inadequate and appropriate. (ECF Doc. 314). Now, Argonaut Insurance states that its obligation for performance is fraught with legal uncertainty. (ECF Doc. 437). Subject Creditors must now assert some of their renewed objections.

6. Throughout Debtor's many pleadings submitted to the Bankruptcy Court by Petition or Motion, all have all been devoid of basic information related to the Debtors' accounting for prepaid passenger fares and deposits. For instance, the

3

affidavit of Chief Restructuring Office, Jonathan Hickman, states without setting forth a qualifying dollar value that "[T]he Company, with the assistance of its advisors, took immediate action to ensure that customer deposits would remain protected, even in these Chapter 11 Cases." (ECF Doc. 25 at para. 17). Certainly, according to the admissions of Mr. Hickman, the Debtor knew exactly the amount of refunds owed to its customers but does not state specifically what those amounts are, anywhere.

7.     The present Debtor's Motion for Entry of an Order approving the Disclosure Statement fails to explain how the limits the Debtors purchased in surety bond insurance are adequate to cover the entirety of passenger prepaid fares and deposit claims. According to the schedule of insurance coverages filed by the Debtors in <u>Debtors' Witness and Exhibit list for Virtual Hearing on February 21, 2024</u>, Debtors maintain two "Passenger Vessel Surety Bonds". Docket No. 49 at pg. 535. The first bond covers only American Queen Steamboat Operating Company in the amount of $32,000,000 and the second bond covers only Victory Operating Company in the amount of $7,000,000. The Court's Order for Asset Sale encompasses the subject of 7 vessels owned by the Debtor. Docket No. 166 at Exhibit A.  As a routine practice, Debtor collects 100% of passenger fares 4 months in advance of the cruise sail date. See generally Creditor Proof of Claim No. 8, Proof of Claim No. 10. Debtors' prepetition passenger fares would ostensibly be 100% collected for all sail dates in 2024 prior to June 21, 2024. The 7 vessels have 74 sail dates in 2024 prior to June 21st and a combined maximum passenger paid fare capacity of 18,849. (See Ex. 1, (data derived from https://www.cruisemapper.com/ships?line=American_Queen_Voyages)). Dividing

4

the above referenced cumulative surety bond limits by the combined maximum passenger paid fare capacity, each passenger would effectively have $2,069.08 available to them for financial reimbursement from the insurance companies. Subject Creditors recognize that a 50% passenger paid fare is more realistic, but this modified assumption then accounts for $4,138.16 of insurance protection per passenger refundable fares. This analysis also fails to account for deposits paid by passengers for sail dates after June 21, 2024. Not the least bit concerning is the fact that the Subject Creditors' Proof of Claim, filed with the Court as Claim No. 10, encompasses an average per passenger fare price of $4,785.60 which is $647.44 more than the available insurance coverage. (See Ex. 2).

8.      If in fact, the Subject Creditors' claim for refund is impaired to any extent, they do reserve their right to pursue a claim against the Debtor on the basis of breach of fiduciary duty and fraud should it become necessary.  Allowing the Debtor at this juncture to set a bar date restricting the rights of other similarly situated creditors who most likely are not represented by legal counsel is unfair and unjust.

9.      For the reasons set forth in Argonaut Insurance Company's and The Official Committee of Unsecured Creditors' Objection, the Debtor's Motion should be denied because (a) the Disclosure Statement describes a patently unconfirmable Chapter 11 Plan of Reorganization ("Plan"), (b) the Disclosure Statement provides inadequate and misleading information to creditors; and (c) the Motion provides a facially impossible confirmation schedule.

**RESERVATION OF RIGHTS**

Frances A. Poplau and Mary F. Hudalla submits this Joinder in Objection under a full reservation of rights, claims, and remedies including, without limitation, (i) the right to amend or supplement this Joinder in Objection and (ii) all rights pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE,** for the foregoing reasons, and for the reasons set forth in Argonaut and LMI's Objection [ECF Doc. No. 472], the Disclosure Statement should not be approved until it and the Plan have been amended accordingly.

Dated: April 9, 2024

*s/ Gregory J. Hudalla*

Gregory J Hudalla #0393161
Gregory J Hudalla, Attorney at Law,
1575 7th Street West, Suite 104
St. Paul, MN 55102
Email: ghudalla@hudallalaw.com
Telephone: 651-222-3784

ATTORNEY FOR CREDITORS
*Frances A. Poplau and Mary F. Hudalla*

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was served on the 9th day of April, 2024, upon all partis via the Court's electronic case filing system (ECF).

By: /s/ Gregory J. Hudalla

6