**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HORNBLOWER HOLDINGS LLC, *et al.*,[1] | ) | Case No. 24-90061 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS,
METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## Introduction

The Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Hornblower Holdings LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), were prepared in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Bankruptcy Local Rules for the Southern District of Texas by management of the Debtors, with the assistance of the Debtors' professional advisors, and are unaudited.

The Schedules and Statements have been signed by Jonathan Hickman, Chief Restructuring Officer of the Debtors. Mr. Hickman has not (nor could have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. In addition, Mr. Hickman has not (nor could have) personally verified the completeness of the Schedules and Statements, nor the accuracy of any information contained therein. In reviewing and signing the Schedules and Statements, Mr. Hickman necessarily relied upon various personnel of the Debtors and the Debtors' professional advisors and their efforts, statements, and representations in connection therewith. Although management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based upon information that was available to them at the time of preparation, subsequent information or discovery thereof may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist.

These Global Notes and Statements of Limitations, Methodology, and Disclaimers

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Hornblower. The location of the Debtors' service address for purposes of these chapter 11 cases is: Pier 3 on The Embarcadero, San Francisco, CA 94111.

Regarding the Debtors' Schedules and Statements (the "<u>Global Notes</u>") pertain to, are incorporated by reference in, and comprise an integral part of <u>all</u> of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements. The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

<u>**Global Notes and Overview of Methodology**</u>

**General Reservation of Rights**. Although the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to it at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may have occurred, some of which may be material. Because the Schedules and Statements contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtors reserve all rights to amend the Schedules and Statements from time to time, in any and all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim ("<u>Claim</u>") as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute an admission of any claims or a waiver of any of the Debtors' rights with respect to these chapter 11 cases, including issues involving substantive consolidation, recharacterization, mandatory subordination, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law or order of the Bankruptcy Court. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

**Description of Cases and "As Of" Information Date**. On February 21, 2024 (the "<u>Petition Date</u>"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The Debtors' chapter 11 cases are jointly administered for procedural purposes only pursuant to an order entered by the Bankruptcy Court on February 21, 2024 [Docket No. 2]. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or

examiner has been made in these chapter 11 cases.  Unless otherwise stated herein, liabilities are reported as of the Petition Date.

**Basis of Presentation**.  The Schedules and Statements purport to reflect the assets and liabilities of separate Debtors.  The Debtors, however, along with their wholly-owned non-Debtor subsidiaries, prepare financial statements for financial reporting purposes, which are audited annually, on a consolidated basis.  The Debtors reserve all rights relating to the legal ownership of assets and liabilities among the Debtors and nothing in the Schedules or Statements shall constitute a waiver or relinquishment of such rights.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles nor are they intended to be fully reconcilable to audited financial statements.

**Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records.  To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed total, and the difference may be material.  In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

**Excluded Liabilities**.  The Debtors have excluded certain categories of liabilities from the Schedules and Statements, including, but not limited to, accrued employee compensation and benefits, certain customer accruals, tax accruals, accrued contract termination damages, deferred income accruals, and litigation accruals.  The Debtors have also excluded potential Claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such Claims exist.  Further, certain immaterial assets and liabilities may have been excluded.

**References**.  References to applicable loan agreements and related documents are necessary for a complete description of the collateral and the nature, extent, and priority of liens and/or claims.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of any such agreement.

**Currency**.  All amounts are reflected in U.S. dollars. In instances where the Debtors maintain their books in a currency other than U.S. dollars, the FX rate as of the opening of the business day on February 21, 2024 was used to calculate the currency conversion.

**Book Value**.  Unless otherwise indicated, the Debtors' assets are shown on the basis of their net book values as of February 21, 2024, and the Debtors' liabilities are shown on the basis of their net book values as of the Petition Date.  Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets and liabilities as recorded on the Debtors' books.  Net book values may vary, sometimes materially, from market values.  The Debtors do not intend to amend these Schedules and Statements to reflect market values.  The book values of certain assets may materially differ from their fair

market values and/or any liquidation analysis prepared in connection with the Debtors' chapter 11 cases.

**Paid Claims**.  The Bankruptcy Court authorized the Debtors to pay certain outstanding prepetition Claims—including, but not limited to, payments to employees, customers, and certain vendors—pursuant to various "first day" orders entered by the Bankruptcy Court. Accordingly, certain outstanding liabilities may have been reduced by post-petition payments made on account of prepetition liabilities.  Where the Schedules list creditors and set forth the Debtors' scheduled amount of such Claims, such scheduled amounts reflect amounts owed as of the Petition Date, adjusted for any post-petition payments made pursuant to the authority granted to the Debtors by the Bankruptcy Court.  In addition, to the extent the Debtors later pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action, such as filing Claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.

**Recharacterization**.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtors reserve all rights to recharacterize, reclassify, recategorize, or re-designate items reported in the Schedules and Statements at a later time as they determine to be necessary and appropriate.

**Liabilities**.  The Debtors allocated liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available, and further research is conducted, particularly with respect to the Debtors' payable accounts, the allocation of liabilities between the prepetition and postpetition periods may change.  The Debtors reserve the right to, but are not required to, amend the Schedules and Statements as they deem appropriate to reflect this.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

**Guarantees and Other Secondary Liability Claims**.  Where guarantees or similar secondary liability claims have been identified, they have been included in the relevant liability Schedule for the Debtor or Debtors affected by such obligation.  The Debtors have also listed such obligations related to funded debt or debt for borrowed money on the applicable Schedule H.  It is possible that certain guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  The Debtors reserve their rights (but expressly do not undertake any obligation) to amend the Schedules to the extent that

additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

**Intercompany Claims**.  Receivables and payables among and between the Debtors and (i) other Debtors or (ii) their non-Debtor affiliates, are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' unaudited books and records.  As described more fully in the *Debtors' <u>Emergency</u> Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms and Books and Records, and (D) Continue to Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 11] (the "<u>Cash Management Motion</u>"), the Debtors engage in a range of intercompany transactions in the ordinary course of business. Pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms and Books and Records, and (D) Continue to Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 58] (the "<u>Cash Management Order</u>"), the Bankruptcy Court has granted the Debtors authority to continue to engage in intercompany transactions in the ordinary course of business subject to certain limitations set forth therein.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or an admission as to the validity of such receivables and payables.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.  Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted in the Debtors' books and records. Such treatment is not, and should not be construed as, an admission or conclusion of the Debtors regarding the allowance, classification, characterization of the amount and/or validity or priority of any such intercompany receivables and payables or the validity of any netting or offsets per the Debtors' books and records.  The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a claim or an interest, or not allowed at all.  The listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account.  The Debtors reserve all rights to later change the amounts, characterization, classification, categorization, or designation of intercompany accounts reported in the Schedules and Statements.

In addition, certain of the Debtors act on behalf of other Debtors.  Commercially reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation.  Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment.  The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

**Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made significant efforts to attribute intellectual property to the rightful Debtor owner, however, in some instances intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Insurance**.  The Debtors have not set forth insurance policies as executory contracts in the Schedules and Statements.  Information regarding the Debtors' insurance policies is set forth in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue Prepetition Insurance Coverage and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, (C) Continue to Pay Brokerage Fees, and (D) Maintain Their Surety Bond Program, and (II) Granting Related Relief* [Docket No. 18].

**Executory Contracts and Unexpired Leases**.  The Debtors have not set forth executory contracts or unexpired leases as assets in the Schedules and Statements.  The Debtors' executory contracts and unexpired leases have been set forth in Schedule G.  In addition, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred. While certain executory contracts and unexpired leases have been set forth in Schedule G, the Debtors have filed the *Notice to Contract Parties to Rejected Executory Contracts and Unexpired Leases* [Docket No. 349] and the *Second Notice to Contract Parties to Rejected Executory Contracts and Unexpired Leases* [Docket No. 533], to reject certain executory contracts and unexpired leases, pursuant to the *Order (A) Approving (I) Bidding Procedures for the Sale of the AQV Debtors' Assets, (II) Procedures Regarding Bid Protections, (III) the Scheduling of Certain Dates with Respect Thereto, (IV) the Form and Manner of Notice Thereof, (V) Contract Assumption, Assignment, and Rejection Procedures, and (VI) Certain Procedures to Otherwise Dispose of the AQV Assets, and (B) Authorizing the Debtors to Enter into Agreements for the Sale of Their Assets Free and Clear of all Liens, Claims, and, Encumbrances* [Docket No. 166], as modified on March 22, 2024 [Docket No. 317].

**Claims Description**.  Schedules D, E, and F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated" or that such Claim is not subject to objection. The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or

"unliquidated."  In addition, the Debtors reserve their rights to object to any listed Claim on the grounds that, among other things, the Claim has already been satisfied.

**Causes of Action**.  Despite their reasonable efforts, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights for any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

**Undetermined Amounts**.  Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown," "TBD," or "undetermined."  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

**Unliquidated Amounts**.  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

**Liens**.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property or equipment.

**Employee Addresses**.  Personal addresses of current and former employees and directors have been removed from entries listed throughout the Schedules and Statements, where applicable.

**Insiders.**   In circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities that the Debtors believe may potentially be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may not actually constitute "insiders" for purposes of section 101(31) of the Bankruptcy code or may no longer serve in such capacities. Persons and entities listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified in response to questions in the Schedules and Statements is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

**Estimates**.  To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the

reported amounts of assets and liability to reflect changes in those estimates or assumptions.

**Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

**Setoffs**.  The Debtors incur certain setoffs and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, negotiations and/or disputes between the Debtors and their vendors and customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

**Global Notes Control**.  In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

**Confidentiality**.  There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact from the public record information such as names or addresses.  Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information.  The redactions are limited to only what is necessary to protect the Debtors or third party and are consistent with the relief granted under the *Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors, (B) File a Consolidated List of the 30 Largest Unsecured Creditors, and (C) Redact Certain Personal Identification Information; (II) Waiving or Modifying the Requirement to File a List of Equity Security Holders; (III) Approving the Form and Manner of Notifying Creditors of the Commencement of These Chapter 11 Cases; and (IV) Granting Related Relief* [Docket No. 62].

## General Disclosures Applicable to Schedules

**Classifications**.  Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E/F as "priority," or (c) on Schedule E/F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize, subordinate, or reclassify such Claim or contract.

Schedule A/B – Real and Personal Property.

    a) **Schedule A/B, Part 1 – Cash and Cash Equivalents**.  Details with respect to the

Debtors' cash management system and bank accounts are provided in the Cash Management Motion and Cash Management Order. The Debtors' cash balances are listed as of the Petition Date, February 21, 2024, at bank balances.

**Schedule A/B, Part 2 – Deposits and Prepayments**. The Bankruptcy Court, pursuant to the *Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Adequate Assurance Requests, and (IV) Granting Related Relief* [Docket No. 107], authorized the Debtors to provide adequate assurance of payment for future utility services. In addition, certain retainers or deposits reflect payments to professionals made by a certain Debtor entity, but may be subject to applicable allocation amongst the Debtors.

Certain reported prepaid or amortized assets are listed in accordance with the Debtors' books and records. The amounts listed in Part 2 do not necessarily reflect assets the Debtors will be able to collect or realize. The amounts listed in Part 2 include, among other things, prepaid insurance, licenses, taxes, and other prepaid expenses.

b) **Schedule A/B, Part 3 – Accounts Receivable**. The Debtors' reported accounts receivable include amounts that may be uncollectible. Notwithstanding the foregoing, the Debtors have used reasonable efforts to deduct doubtful or uncollectible accounts. The Debtors are unable to determine with certainty what amounts will actually be collected.

c) **Schedule A/B, Part 4 – Investments**. Ownership interests in subsidiaries, partnerships have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

d) **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles**. Dollar amounts are presented net of accumulated depreciation and other adjustments.

e) **Schedule A/B, Part 8 – Machinery, Equipment, and Vehicles**. For those Debtors that own machinery, equipment and vehicles, dollar amounts are presented net of accumulated depreciation and other adjustments.

f) **Schedule A/B, Part 9 – Real Property**. Real property (either leased or leasehold interests) is recorded at cost and depreciated (as appropriate) on a straight-line basis over the estimated useful lives of the assets.

g) **Schedule A/B, Part 10 – Intangibles and Intellectual Property**. The Debtors review goodwill and other intangible assets having indefinite lives for impairment annually or when events or changes in circumstances indicate the carrying value of these assets might exceed their current fair values. The Debtors report

intellectual property assets as undetermined value whenever applicable. For purposes of the Schedules, the Debtors have listed intangible assets and intellectual property only at entities for which these assets are recorded on their books. The exclusion of listing similar assets at additional Debtors should not be construed as an admission that other Debtors do not possess similar assets.

h) **Schedule A/B, Part 11 – All Other Assets**. Dollar amounts are presented net of impairments and other adjustments.

    a. *Item 72 – Tax Refunds and Unused Net Operating Losses (NOLs)*. The Debtors may be entitled to apply certain net operating losses or other tax attributes. The Debtors have provided a summary of certain of their tax attributes and related considerations in Item 72; however, such tax attributes are listed as undetermined amounts because the fair market value (if any) of such attributes is dependent on numerous variables and factors.

    b. *Items 74 and 75 – Causes of action against third parties (whether or not a lawsuit has been filed) and other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtors and rights to set off claims*. The Debtors attempted to list known causes of action and other claims. Potential preference actions and/or fraudulent transfer actions were not listed because the Debtors have not completed an analysis of such potential claims. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

    c. *Item 77 – Other property of any kind not already listed*. The Debtors have included intercompany receivables as of February 21, 2024.

**Schedule D – Creditors Who Have Claims Secured by Property**. The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or have been incurred before the Petition Date. Operating leases are listed on Schedule G.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not, nor shall it be

deemed, an admission as to the validity of any such lien.  The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability.  The Debtors made reasonable, good faith efforts to include all known liens on Schedule D but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.

Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition funded debt, only the applicable administrative agent or indenture trustee has been listed for purposes of Schedule D.

Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors reserve their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

**Schedule E/F - Creditors Who Have Unsecured Claims**.  The Debtors have not listed on Schedule E any wage or wage-related obligations which the Debtors have been granted authority to pay pursuant to the *Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 109].  The Debtors believe that all such Claims have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted in the relevant order.

The Debtors have not listed on Schedule E any tax related obligations, except for open tax audits, which the Debtors have been granted authority to pay pursuant to the *Order (I) Authorizing the Payment of Certain Taxes and Fees, and (II) Granting Related Relief* [Docket No. 61].  The Debtors believe that all such Claims have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted in the relevant order.

The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records as of the Petition Date; however, inadvertent errors or omissions may have occurred.  The Claims listed on Schedule E/F arose or were incurred on various dates.  In certain instances, the date on which a Claim arose is an open issue of fact.  In addition, the Claims of individual creditors for, among other things, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits, rebates, or allowances due from such creditors to the applicable Debtors.  The Claims and amounts listed in respect of certain trade payables may reflect payments by the Debtors pursuant to applicable "first day" orders and amounts to be paid later pursuant to "second day" orders.  Certain Debtors may pay additional Claims listed on Schedule E/F during these chapter 11 cases pursuant to these and other

11

orders of the Bankruptcy Court and reserve all of their rights to update Schedule E/F to reflect such payments. In addition, certain Claims listed on Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

Schedule E/F also contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule E/F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy.

The Debtors have scheduled, on Schedule E/F, all claims with respect to payments made by persons or entities on account of cruises that were scheduled to be operated by American Queen Steamboat Operating Company, LLC ("AQSOC") or Victory Operating Company, LLC ("VOC"), each doing business as American Queen Voyages™ (collectively, the "AQV Cancelled Cruise Claims"). The Debtors have listed the AQV Cancelled Cruise Claims as neither "contingent," nor "unliquidated," nor "disputed." To the extent an AQV Cancelled Cruise Claim is held by an individual person, the Debtors also have indicated the portion of the AQC Cancelled Cruise Claim entitled to priority under section 507(a)(7) of the Bankruptcy Code to the extent such creditors receive distributions under the Plan.

As required by the Federal Maritime Commission (the "FMC"), AQSOC and VOC (the "AQV Debtors") purchased surety bonds (the "Surety Bonds") to ensure that eligible customers of the AQV Debtors would receive full refunds in the event of non-performance of cruises. See 46 C.F.R. § 540.9. The AQV Debtors thus obtained two Surety Bonds from Argonaut Insurance Company ("Argonaut") providing $39 million of aggregate coverage: (i) Passenger Vessel Surety Bond No. SUR0039562 (the "AQSOC Bond") provides $32 million of surety coverage for non-performance of transportation on vessels operated by AQSOC and (ii) Passenger Vessel Surety Bond No. SUR0046973 (the "VOC Bond") provides $7 million of surety coverage for nonperformance of transportation on vessels operated by VOC. The Debtors' books and records provide that the aggregate amount of eligible AQV Cancelled Cruise Claims is less than the penal limits of the AQSOC Bond and VOC Bond, respectively.

In consultation with the FMC and the Committee, the Debtors sent a "denial" letter to customers of the AQV Debtors on March 29, 2024, denying such customers' demands for refunds on account of cancelled cruises that were scheduled to be operated by the AQV Debtors and thereby permitting eligible customers, under the terms of the Surety Bonds and FMC regulations, to submit claims against Argonaut for such refunds.

Although the Debtors have scheduled the AQV Cancelled Cruise Claims on Schedule E/F, the Debtors contend that such claims relating to cruises scheduled to depart from U.S. ports of embarkation (the "U.S. AQV Cancelled Cruise Claims") shall be paid in full by Argonaut, which is a co-obligor with respect to such claims under the Surety Bonds. Accordingly, the Debtors assert that holders of U.S. AQV Cancelled Cruise Claims should

receive payment in full from Argonaut, and therefore should not receive distributions from the Debtors under the Plan. The Debtors reserve all rights with respect to the extent and timing of distributions under the Plan with respect to U.S. AQV Cancelled Cruise Claims.

**Schedule G – Executory Contracts and Unexpired Leases**. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Each lease and contract listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as financing agreements, subordination, non-disturbance agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained in every circumstance. In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider. In such cases, the Debtors made their best efforts to determine the correct Debtor's schedule on which to list such executory contracts or unexpired leases. Certain of the executory contracts may not have been memorialized in writing and could be subject to dispute.

The Debtors reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Inclusion or exclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, and the Debtors reserve all rights in that regard, including, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

**Schedule H – Codebtors**. Although the Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions, or inclusions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, and enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary. Due to the voluminous nature of debts listed in the Schedules, and to avoid unnecessary duplication, the Debtors have not listed debts that more than one Debtor may be liable if such debt is also listed on Schedules E/F or G for the respective co-Debtor liable for such debt (apart from the guarantees of unsecured funded debt obligations, as described in paragraph 13 above).

The Debtors further reserve all rights, claims, and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. The listing of a contract, guarantee, or other obligation on Schedule H

13

shall not be deemed an admission that such obligation is binding, valid, or enforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of the conduct of their business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. Because such litigation is listed elsewhere in the Statements and Schedules, they have not been set forth individually on Schedule H.

Schedule H also reflects guarantees or similar secondary liability obligations by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other such agreements. Further, the Debtors believe that certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their right, but shall not be required, to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or are unenforceable.

## General Disclosures Applicable to Statements

**Questions 1 and 2**. The Debtors' responses to Questions 1 and 2 are presented in accordance with the Debtors' books and records. Certain revenue for these periods was recorded in a consolidating entity and was not distributed between the Debtors and their non-filing affiliates and is therefore not included in response to Questions 1 and 2.

**Question 3**. For certain creditors receiving payment, the Debtors maintain multiple addresses for such vendor. Efforts have been made to attribute the correct address, however, in certain instances, alternate addresses may be applicable for a party listed in response to Question 3.

**Question 4**. Individual payments to Debtor affiliates are not reflected in Statement 4 due to their complexity and voluminous nature. The Debtors have reported net monthly intercompany positions in Statement 4. In addition, intercompany payables and receivables as of the Petition Date can be found on Schedule E/F and Schedule A/B. The listing of any entity as an insider does not constitute an admission or a final determination that any such entity is or is not an insider. Alvarez and Marsal Managing Director, Jonathan Hickman is retained as Chief Restructuring Officer of the Debtors. Our of an abundance of disclosure, payments to Alvarez and Marsal are listed in response to Question 4.

**Question 7**. The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

**Question 10**. The Debtors have made best efforts to collect applicable and responsive information. Given the scale of the Debtors' retail and wholesale footprint, the Debtors

incur certain immaterial losses in the ordinary course of business. Such amounts may not be listed in the Statements.

**Question 11**.   All payments for services of any entities that provided consultation concerning debt restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on either Debtor's respective Statements, as applicable. The Debtors have endeavored to list only payments made for debt restructuring services, however, in some instances, these balances may include payments for services not related to restructuring or bankruptcy matters. Additional information regarding the Debtors' retention of professionals is more fully described in the individual retention applications for those professionals. Payments listed to Alvarez and Marsal in response to this question are duplicated in Question 4.

**Question 13**.  While the Debtors have made reasonable efforts to respond comprehensively to Question 13, certain *de minimis* asset sales and transfers may be omitted unintentionally. In addition, the Debtors regularly sell certain non-core assets, including inventory, in the ordinary course of business.  Accordingly, such dispositions made in the ordinary course of business have not been reflected in Question 13.

**Question 21**.  Vessels and locations operated by the Debtors may contain de minimis property owned by repairmen or ticketing operations, which the Debtors do not track and are not reflected in Question 21.

**Question 26d**.  In the ordinary course of business, the Debtors provide financial statements to certain parties, such as financial institutions, investment banks, auditors, potential investors, vendors and financial advisors.  The Debtors do not maintain complete lists to track such disclosures, and as such, the Debtors have not provided a listing of these parties in response to this question.

**Fill in this information to identify the case:**

Debtor name    Hornblower Holdings LLC

United States Bankruptcy Court for the:    Southern District of Texas, Houston Division

Case number (If known):    24-90061 (MI)

☐ Check if this is an amended filing

Official Form 206Sum
# Summary of Assets and Liabilities for Non-Individuals

12/15

---

**Part 1:**   **Summary of Assets**

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**

     Copy line 88 from *Schedule A/B* ............................................................................................    $ _____ 0.00

   1b. **Total personal property:**

     Copy line 91A from *Schedule A/B* ..........................................................................................    $ _____ Undetermined

   1c. **Total of all property:**

     Copy line 92 from *Schedule A/B* ............................................................................................    $ _____ Undetermined

---

**Part 2:**   **Summary of Liabilities**

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* ..........................................    $ _____ 0.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**

     Copy the total claims from Part 1 from line 5a of *Schedule E/F* .................................................    $ _____ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**

     Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* .......................................    **+** $ _____ Undetermined

4. **Total liabilities** ...................................................................................................................................

   Lines 2 + 3a + 3b    $ _____ Undetermined

---

**\*Plus Undetermined Amounts**

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name   Hornblower Holdings LLC

United States Bankruptcy Court for the:   Southern District of Texas, Houston Division

Case number (If known)   24-90061 (MI)

☐ Check if this is an
   amended filing

<u>Official Form 206A/B</u>

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:   Cash and cash equivalents

1.  **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.
☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2.  **Cash on hand**   $ _____

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1 _____ | _____ | __ __ __ __ | $ _____ |
| 3.2 _____ | _____ | __ __ __ __ | $ _____ |

4.  **Other cash equivalents** *(Identify all)*

4.1 _____   $ _____
4.2 _____   $ _____

5.  **Total of Part 1**

    Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.   $ _____ 0.00

## Part 2:   Deposits and prepayments

6.  **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7.  **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

7.1 _____   $ _____
7.2 _____   $ _____

Debtor   Hornblower Holdings LLC                                              Case number (if known) 24-90061 (MI)
         Name

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1 _____   $ _____

8.2 _____   $ _____

**9. Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.                    $ _____0.00

---

**Part 3:   Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

**11. Accounts receivable**

11a. 90 days old or less:  _____ – _____ = ...... → $ _____
                           face amount        doubtful or uncollectible accounts

11b. Over 90 days old:     _____ – _____ = ...... → $ _____
                           face amount        doubtful or uncollectible accounts

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.   $ _____0.00

---

**Part 4:   Investments**

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1 _____   _____   $ _____

14.2 _____   _____   $ _____

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                     % of ownership:

15.1 _____   _____ %   _____   $ _____

15.2 _____   _____ %   _____   $ _____

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____   _____   $ _____

16.2 _____   _____   $ _____

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.                    $ _____0.00

---

Official Form 206A/B                Schedule A/B: Assets - Real and Personal Property                Page **2**

| Debtor | Hornblower Holdings LLC | | Case number (if known) 24-90061 (MI) |
|---|---|---|---|
| | Name | | |

---

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **20. Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **22. Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |

**23. Total of Part 5.**

Add lines 19 through 22. Copy the total to line 84.

$ _____ 0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value  $ _____   Valuation method _____   Current value  $ _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **29. Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | _____ | $ _____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $ _____ | _____ | $ _____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $ _____ | _____ | $ _____ |

Debtor   Hornblower Holdings LLC                                          Case number (if known) 24-90061 (MI)
         Name

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.                     $ _____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $ _____   Valuation method _____   Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |

38 **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ | | $ |
| 40. **Office fixtures** | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| 42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | $ | | $ |
| 42.2 | $ | | $ |
| 42.3 | $ | | $ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.                     $ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor  Hornblower Holdings LLC _____ Case number (If known)  24-90061 (MI)
        Name

## Part 8:   Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| **General Description**<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 _____ | $ _____ | _____ | $ _____ |
| 47.2 _____ | $ _____ | _____ | $ _____ |
| 47.3 _____ | $ _____ | _____ | $ _____ |
| 47.4 _____ | $ _____ | _____ | $ _____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 _____ | $ _____ | _____ | $ _____ |
| 48.2 _____ | $ _____ | _____ | $ _____ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 _____ | $ _____ | _____ | $ _____ |
| 49.2 _____ | $ _____ | _____ | $ _____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ |

51. **Total of Part 8.**

   Add lines 47 through 50. Copy the total to line 87.

   | $ | 0.00 |
   |---|---|

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No
☐ Yes

Debtor    Hornblower Holdings LLC                      Case number (if known) 24-90061 (MI)

       Name

## Part 9:   Real property

**54. Does the debtor own or lease any real property?**

☒ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$        0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:   Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☒ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets**<br>None | $ | | $   0.00 |
| **61. Internet domain names and websites**<br>None | $ | | $   0.00 |
| **62. Licenses, franchises, and royalties**<br>PLEASE REFER TO THE GLOBAL NOTES | $ | | $ |
| **63. Customer lists, mailing lists, or other compilations**<br>None | $ | | $   0.00 |
| **64. Other intangibles, or intellectual property**<br>None | $ | | $   0.00 |
| **65. Goodwill**<br>None | $ | | $   0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$        0.00

Debtor   Hornblower Holdings LLC

Case number (if known) 24-90061 (MI)

Name

---

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No
☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No
☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No
☐ Yes

## Part 11:   All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| | | | | | | Current value of debtor's interest |
|---|---|---|---|---|---|---|

**71. Notes receivable**

Description (include name of obligor)

None _____    _____ — _____ = → $ 0.00
                        Total Face Amount   Doubtful or uncollectible Amount

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| None | Tax Year | $ 0.00 |
| | Tax Year | $ |
| | Tax Year | $ |

**73. Interests in insurance policies or annuities**

See Attached Rider                                      $ Undetermined

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

None                                                   $ 0.00

Nature of Claim _____

Amount Requested $ _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

None                                                   $ 0.00

Nature of Claim _____

Amount Requested $ _____

**76. Trusts, equitable or future interests in property**

None                                                   $ 0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

None                                                   $ 0.00

                                                       $ _____

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.        $ Undetermined

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No
☐ Yes

**\*Plus Undetermined Amounts**

Debtor   Hornblower Holdings LLC
         _____
         Name

         Case number (If known)   24-90061 (MI)

---

**Part 12:**   **Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of Property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ............................................ → | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ Undetermined | |
| 91. **Total.** Add lines 80 through 90 for each column.............................91a. | $ Undetermined | + 91b. $0.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92.................................................................... $ Undetermined

*Plus Undetermined Amounts

Debtor Name:  Hornblower Holdings LLC                                                                    Case Number:  24-90061 (MI)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| ACE AMERICAN INSURANCE COMPANY | DIRECTORS & OFFICERS AND COMPANY COVERAGE EXCESS LIABILITY INSURANCE | DOX G47405439 001 | Undetermined |
| ACE AMERICAN INSURANCE COMPANY | DIRECTORS & OFFICERS LIABILITY EXCESS DIC | DOX G71213626 001 | Undetermined |
| ACE AMERICAN INSURANCE COMPANY | FOREIGN POLICY | PHFD95009669 003 | Undetermined |
| AMERICAN LONGSHORE MUTUAL ASSOCIATION LTD | LONGSHORE & HARBOR WORKERS COMPENSATION ACT POLICY | ALMA01135-06 | Undetermined |
| ARCH INSURANCE COMPANY | TRAVEL AGENTS AND TOUR OPERATORS PROFESSIONAL LIABILITY INSURANCE | TAP0196374-02 | Undetermined |
| ASCOT INSURANCE COMPANY | 1ST BUMBERSHOOT | MAXS2310000946-05 | Undetermined |
| ASCOT INSURANCE COMPANY | 1ST LAYER BUMBERSHOOT | MAXS2310001286-04 | Undetermined |
| ASCOT INSURANCE COMPANY | 2ND LAYER BUMBERSHOOT | MAXS2310001287-04 | Undetermined |
| ASCOT INSURANCE COMPANY | 3RD LAYER BUMBERSHOOT | MAXS2310000949-05 | Undetermined |
| ASCOT INSURANCE COMPANY | 3RD LAYER BUMBERSHOOT | MAXS2310001288-04 | Undetermined |
| ASCOT INSURANCE COMPANY | 4TH LAYER BUMBERSHOOT | MAXS2310001289-04 | Undetermined |
| ASCOT INSURANCE COMPANY | BUILDERS RISK | MACR2310000943-05 | Undetermined |
| ASCOT INSURANCE COMPANY | CARGO | MACR2310000943-05 | Undetermined |
| ASCOT INSURANCE COMPANY | EQUIPMENT POLICY | MACR2310001284-04 | Undetermined |
| ASCOT INSURANCE COMPANY | EXCESS HULL AND MACHINERY | MACR2310000944-05 | Undetermined |
| ASCOT INSURANCE COMPANY | FLOATING DOCKS | MACR2310000943-05 | Undetermined |
| ASCOT INSURANCE COMPANY | GENERAL LIABILITY | MAPL2310000945-04 | Undetermined |
| ASCOT INSURANCE COMPANY | HULL AND MACHINERY | MACR2310000943-05 | Undetermined |
| ASCOT INSURANCE COMPANY | HULL AND MACHINERY | MACR2310001284-04 | Undetermined |
| ASCOT INSURANCE COMPANY | MARINE GENERAL LIABILITY | MAPL2310001285-04 | Undetermined |
| BEAZLEY INSURANCE COMPANY | 2ND LAYER BUMBERSHOOT | V366A9230101 | Undetermined |
| BEAZLEY INSURANCE COMPANY | EXCESS HULL AND MACHINERY | V366A8230101 | Undetermined |
| BERKLEY INSURANCE COMPANY | MARINE LICENSE INSURANCE (CANADA) | BOUME220067 | Undetermined |

Debtor Name:  Hornblower Holdings LLC                                    Case Number:  24-90061 (MI)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| CONTINENTAL CASUALTY COMPANY | 1ST BUMBERSHOOT | EX122121 | Undetermined |
| CONTINENTAL CASUALTY COMPANY | 3RD LAYER BUMBERSHOOT | EX122126 | Undetermined |
| CONTINENTAL INSURANCE COMPANY | BUSINESS AUTO POLICY | 7063908870 | Undetermined |
| CONTINENTAL INSURANCE COMPANY | EXCESS HULL AND MACHINERY | H877877 | Undetermined |
| CONTINENTAL INSURANCE COMPANY | HULL AND MACHINERY | H877872 | Undetermined |
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY | CYBER LIABILITY POLICY | CYB105817 | Undetermined |
| ENDURANCE AMERICAN INSURANCE COMPANY | GENERAL LIABILITY | OPK10015125403 | Undetermined |
| ENDURANCE AMERICAN INSURANCE COMPANY | HULL AND MACHINERY | OBR10014862404 | Undetermined |
| ENDURANCE AMERICAN SPECIALTY INS CO | PROPERTY & CONTRACTORS EQUIPMENT | IMP30051237300 | Undetermined |
| ENDURANCE RISK SOLUTIONS ASSURANCE CO | DIRECTORS & OFFICERS LIABILITY EXCESS DIC | DOX30001050104 | Undetermined |
| ENDURANCE RISK SOLUTIONS ASSURANCE COMPANY | 1ST BUMBERSHOOT | OMX10014862504 | Undetermined |
| ENDURANCE RISK SOLUTIONS ASSURANCE COMPANY | 2ND LAYER BUMBERSHOOT | OMX10014862704 | Undetermined |
| ENDURANCE RISK SOLUTIONS ASSURANCE COMPANY | 3RD LAYER BUMBERSHOOT | OMX10014862804 | Undetermined |
| EVEREST NATIONAL INSURANCE COMPANY | PRIVATE COMPANY MANAGEMENT LIABILITY POLICY | PCIP000145-231 | Undetermined |
| GREAT AMERICAN E&S INSURANCE COMPANY | PREMISES ENVIRONMENTAL POLICY | PRE E445458 02 | Undetermined |
| GREAT AMERICAN INSURANCE COMPANY | WORKERS COMPENSATION & EMPLOYERS LIABILITY POLICY | WC409268511 | Undetermined |
| GREAT AMERICAN INSURANCE COMPANY | WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE | WC 4294295 09 | Undetermined |
| HISCOX INC. | PROPERTY INSURANCE POLICY | UTS2555547.23 | Undetermined |
| IRONSHORE SPECIALTY INSURANCE COMPANY | ENVIRONMENTAL SPILLS SELECT POLICY | ISPILLSB9DX0003 | Undetermined |
| IRONSHORE SPECIALTY INSURANCE COMPANY | SITE POLLUTION INCIDENT | ISPILLSCE4YW002 | Undetermined |
| LIBERTY MUTUAL INSURANCE COMPANY | 2ND LAYER BUMBERSHOOT | NYACX9LA001 | Undetermined |
| LIBERTY MUTUAL INSURANCE COMPANY | 3RD LAYER BUMBERSHOOT | NYACX9LC001 | Undetermined |
| LIBERTY MUTUAL INSURANCE COMPANY | EXCESS HULL AND MACHINERY | NYACX9MK001 | Undetermined |

Debtor Name:  Hornblower Holdings LLC                                                                Case Number:  24-90061 (MI)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY | HULL AND MACHINERY | NYACX9KZ001 | Undetermined |
| SAFE HARBOR POLLUTION INSURANCE | POLLUTION POLICY | C-15729-23 | Undetermined |
| STARNET INSURANCE COMPANY | MARINE LICENSE INSURANCE(USA) | BOUME220066 | Undetermined |
| STARR INDEMNITY & LIABILITY COMPANY | 1ST BUMBERSHOOT | MASILCH00651923 | Undetermined |
| STARR INDEMNITY & LIABILITY COMPANY | 2ND LAYER BUMBERSHOOT | MASILCH00652123 | Undetermined |
| STARR INDEMNITY & LIABILITY COMPANY | GENERAL LIABILITY | MASILCH00651823 | Undetermined |
| STARR INDEMNITY COMPANY | EXCESS HULL AND MACHINERY | MASIHCH00829623 | Undetermined |
| STARR INDEMNITY COMPANY | HULL AND MACHINERY | MASIHCH00829523 | Undetermined |
| STEAMSHIP MUTUAL UNDERWRITING ASSOCIATION LIMITED | CLASS 1 – PROTECTION AND INDEMNITY | N/A | Undetermined |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | PROPERTY INSURANCE POLICY | QT-660-1X050455-TIL-23 | Undetermined |
| UNDERWRITERS AT LLOYDS | DIRECT PHYSICAL LOSS OR DAMAGE INSURANCE | B0621MHNBL000123 | Undetermined |
| UNDERWRITERS AT LLOYDS | MARINE PROFESSIONAL NEGLIGENCE POLICY | MA2312406 | Undetermined |
| UNITED FIRE & CASUALTY COMPANY | 2ND LAYER BUMBERSHOOT | OMS-23001462-01 | Undetermined |
| UNITED FIRE & CASUALTY COMPANY | GENERAL LIABILITY | OMS-23001461-01 | Undetermined |
| UNITED STATES OIL POLLUTION LIABILITY (EPG) | MARINE POLLUTION POLICY | 05854-18 | Undetermined |
| VALLEY FORGE INSURANCE COMPANY | PACKAGE POLICY | B7035088978 | Undetermined |
| VALLEY FORGE INSURANCE COMPANY | TERRORISM COVERAGE | B 7013169289 | Undetermined |
| XL SPECIALTY INSURANCE COMPANY | 1ST BUMBERSHOOT | UM00172827MA23A | Undetermined |
| XL SPECIALTY INSURANCE COMPANY | 2ND LAYER BUMBERSHOOT | UM00172829MA23A | Undetermined |
| XL SPECIALTY INSURANCE COMPANY | 3RD LAYER BUMBERSHOOT | UM00172830MA23A | Undetermined |
| XL SPECIALTY INSURANCE COMPANY | EXCESS HULL AND MACHINERY | UM00172822MA23A | Undetermined |
| XL SPECIALTY INSURANCE COMPANY | GENERAL LIABILITY | UM00172826MA23A | Undetermined |
| XL SPECIALTY INSURANCE COMPANY | HULL AND MACHINERY | UM00172821MA23A | Undetermined |

Debtor Name:  Hornblower Holdings LLC                                        Case Number:  24-90061 (MI)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| | | **TOTAL** | $0.00 |
| | | | + Undetermined Amounts |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Hornblower Holdings LLC |
| United States Bankruptcy Court for the: | Southern District of Texas, Houston Division |
| Case number (If known): | 24-90061 (MI) |

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

### Part 1: List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **Creditor's name** | **Describe debtor's property that is subject to a lien** | $ _____ | $ _____ |
| **Creditor's mailing address** | | | |
| | **Describe the lien** | | |
| **Creditor's email address, if known** | **Is the creditor an insider or related party?**<br>☐ No<br>☐ Yes | | |
| **Date debt was incurred** | **Is anyone else liable on this claim?** | | |
| **Last 4 digits of account number** | ☐ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H). | | |
| **Do multiple creditors have an interest in the same property?**<br>☐ No<br>☐ Yes. Specify each creditor, including this creditor, and its relative priority. | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |

| | | | |
|---|---|---|---|
| **Creditor's name** | **Describe debtor's property that is subject to a lien** | $ _____ | $ _____ |
| **Creditor's mailing address** | | | |
| | **Describe the lien** | | |
| **Creditor's email address, if known** | **Is the creditor an insider or related party?**<br>☐ No<br>☐ Yes | | |
| **Date debt was incurred** | **Is anyone else liable on this claim?** | | |
| **Last 4 digits of account number** | ☐ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H). | | |
| **Do multiple creditors have an interest in the same property?**<br>☐ No<br>☐ Yes. Have you already specified the relative priority?<br>    ☐ No. Specify each creditor, including this creditor, and its relative priority.<br>    ☐ Yes. The relative priority of creditors is specified on lines | **As of the petition filing date, the claim is:**<br>Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**     $ _____

| Debtor | Hornblower Holdings LLC | Case number (If known): | 24-90061 (MI) |
|---|---|---|---|
| | Name | | |

---

**Part 2:**   **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |

**Fill in this information to identify the case:**

Debtor     Hornblower Holdings LLC

United States Bankruptcy Court for the:    Southern District of Texas, Houston Division

Case number    24-90061 (MI)
(If known)

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.
☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|

**2.1** Priority creditor's name and mailing address

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

Total claim $ _____

Priority amount $ _____

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.2** Priority creditor's name and mailing address

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

Total claim $ _____

Priority amount $ _____

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.3** Priority creditor's name and mailing address

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

Total claim $ _____

Priority amount $ _____

**Is the claim subject to offset?**
☐ No
☐ Yes

| Debtor | Hornblower Holdings LLC | Case number (if known) | 24-90061 (MI) |
|---|---|---|---|
| | Name | | |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | **Amount of claim** |
|---|---|---|

| | | |
|---|---|---|
| **3.1** | **Nonpriority creditor's name and mailing address**<br>ANGLO-EASTERN CRUISE MANAGEMENT INC<br>4770 BISCAYNE BLVD, PH C<br>MIAMI, FL 33137 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** TRADE PAYABLE | $ Undetermined |
| | **Date or dates debt was incurred** UNDETERMINED<br>**Last 4 digits of account number** | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | |

| | | |
|---|---|---|
| **3.2** | **Nonpriority creditor's name and mailing address**<br>COOK, JOH<br>ADDRESS ON FILE | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:** CLASS ACTION (CHAPTER 11) | $ Undetermined |
| | **Date or dates debt was incurred** UNDETERMINED<br>**Last 4 digits of account number** | **Is the claim subject to offset?**<br>☐ No<br>☐ Yes | |

| | | |
|---|---|---|
| **3.3** | **Nonpriority creditor's name and mailing address**<br>MILLER, MONICA<br>ADDRESS ON FILE | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:** CLASS ACTION (CHAPTER 11) | $ Undetermined |
| | **Date or dates debt was incurred** UNDETERMINED<br>**Last 4 digits of account number** | **Is the claim subject to offset?**<br>☐ No<br>☐ Yes | |

| | | |
|---|---|---|
| **3.4** | **Nonpriority creditor's name and mailing address**<br>NORTHWEST MARINE SUPPLY LLC<br>12408 TANAGER DR NW<br>GIG HARBOR, WA 98332 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** TRADE PAYABLE | $ Undetermined |
| | **Date or dates debt was incurred** UNDETERMINED<br>**Last 4 digits of account number** | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | |

| | | |
|---|---|---|
| **3.5** | **Nonpriority creditor's name and mailing address**<br>SUAREZ, BERTRAD M.<br>ADDRESS ON FILE | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>**Basis for the claim:** CLASS ACTION (CHAPTER 11) | $ Undetermined |
| | **Date or dates debt was incurred** UNDETERMINED<br>**Last 4 digits of account number** | **Is the claim subject to offset?**<br>☐ No<br>☐ Yes | |

| | | |
|---|---|---|
| **3.6** | **Nonpriority creditor's name and mailing address**<br>UPLIFT, INC<br>5301 KIETZKE LN, STE 200<br>RENO, NV 89511 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** TRADE PAYABLE | $ Undetermined |
| | **Date or dates debt was incurred** UNDETERMINED<br>**Last 4 digits of account number** | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | |

| Debtor | Hornblower Holdings LLC | Case number (if known) | 24-90061 (MI) |
|---|---|---|---|
| | Name | | |

## Part 2:  Additional Page

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.7** | **Nonpriority creditor's name and mailing address**

VANBUREN, THERESA
ADDRESS ON FILE

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**  CLASS ACTION (CHAPTER 11)

$ _____ Undetermined

**Date or dates debt was incurred**      UNDETERMINED

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.8** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ _____

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.9** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ _____

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.10** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ _____

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

---

**3.11** | **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

$ _____

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

---

Debtor  Hornblower Holdings LLC
Name

Case number (if known):   24-90061 (MI)

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.  Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | | Line ___  ☐ Not listed.  Explain | |
| 4.2 | | Line ___  ☐ Not listed.  Explain | |
| 4.3 | | Line ___  ☐ Not listed.  Explain | |
| 4.4 | | Line ___  ☐ Not listed.  Explain | |
| 4.5 | | Line ___  ☐ Not listed.  Explain | |
| 4.6 | | Line ___  ☐ Not listed.  Explain | |
| 4.7 | | Line ___  ☐ Not listed.  Explain | |
| 4.8 | | Line ___  ☐ Not listed.  Explain | |
| 4.9 | | Line ___  ☐ Not listed.  Explain | |

Debtor   Hornblower Holdings LLC _____   Case number (if known)   24-90061 (MI) _____
              Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

**5.**   **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | **Total of claim amounts** |
|---|---|---|

5a.   **Total claims from Part 1**   5a.   $ _____ 0.00

5b.   **Total claims from Part 2**   5b.   **+**   $ _____ 0.00
                                                                        + Undetermined Amounts

5c.   **Total of Parts 1 and 2**   5c.   $ _____ 0.00
        Lines 5a + 5b = 5c.                                    + Undetermined Amounts

| Fill in this information to identify the case: |
| --- |

Debtor name    Hornblower Holdings LLC

United States Bankruptcy Court for the:    Southern District of Texas, Houston Division

Case number (If known):    24-90061 (MI)

☑ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- | --- |
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | TOLLING AGREEMENT DATED 07/27/2022 AND ALL RELATED AGREEMENTS | BON VOYAGE HOLDINGS LLC 2021 MCKINNEY AVE STE 1950 DALLAS, TX 75201 |
| | State the term remaining | UNDETERMINED | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | AMENDMENT DATED 09/27/2021 AND ALL RELATED AGREEMENTS | CECI KURZMAN ADDRESS ON FILE |
| | State the term remaining | UNDETERMINED | |
| | List the contract number of any government contract | | |
| 2.3 | State what the contract or lease is for and the nature of the debtor's interest | GROUPON MERCHANT AGREEMENT DATED 12/17/2021 AND ALL RELATED AGREEMENTS | GROUPON MERCHANT SERVICES, LLC. 600 WEST CHICAGO AVE. SUITE 400 CHICAGO, IL 60654 |
| | State the term remaining | UNDETERMINED | |
| | List the contract number of any government contract | | |
| 2.4 | State what the contract or lease is for and the nature of the debtor's interest | TOLLING AGREEMENT DATED 07/27/2022 AND ALL RELATED AGREEMENTS | HH RISK MANAGEMENT, LLC 2101 CEDAR SPRINGS RD, STE 1575 DALLAS, TX 75201-2104 |
| | State the term remaining | UNDETERMINED | |
| | List the contract number of any government contract | | |
| 2.5 | State what the contract or lease is for and the nature of the debtor's interest | TOLLING AGREEMENT DATED 07/27/2022 AND ALL RELATED AGREEMENTS | TERRY MACRAE ADDRESS ON FILE |
| | State the term remaining | UNDETERMINED | |
| | List the contract number of any government contract | | |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Hornblower Holdings LLC |
| United States Bankruptcy Court for the: | Southern District of Texas, Houston Division |
| Case number (If known): | 24-90061 (MI) |

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible.   If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.1 | Hornblower Group, Inc. | PIER 3, THE EMBARCADERO SAN FRANCISCO, CA 94111 | BON VOYAGE HOLDINGS LLC | ☐ D ☐ E/F ☑ G |
| 2.2 | Hornblower Group, Inc. | PIER 3, THE EMBARCADERO SAN FRANCISCO, CA 94111 | HH RISK MANAGEMENT, LLC | ☐ D ☐ E/F ☑ G |
| 2.3 | Hornblower Group, Inc. | PIER 3, THE EMBARCADERO SAN FRANCISCO, CA 94111 | TERRY MACRAE | ☐ D ☐ E/F ☑ G |
| 2.4 | Hornblower Sub, LLC | PIER 3, THE EMBARCADERO SAN FRANCISCO, CA 94111 | BON VOYAGE HOLDINGS LLC | ☐ D ☐ E/F ☑ G |
| 2.5 | Hornblower Sub, LLC | PIER 3, THE EMBARCADERO SAN FRANCISCO, CA 94111 | HH RISK MANAGEMENT, LLC | ☐ D ☐ E/F ☑ G |
| 2.6 | Hornblower Sub, LLC | PIER 3, THE EMBARCADERO SAN FRANCISCO, CA 94111 | TERRY MACRAE | ☐ D ☐ E/F ☑ G |

**Fill in this information to identify the case and this filing:**

Debtor name __Hornblower Holdings LLC__

United States Bankruptcy Court for the: __Southern District of Texas, Houston Division__

Case number (If known) __24-90061 (MI)__

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☑ Amended Schedule __G__

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*  (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __4/19/2024__          X __/s/ Jonathan Hickman__
            MM / DD / YYYY                 Signature of individual signing on behalf of debtor

                              __Jonathan Hickman__
                              Printed name

                              __Chief Restructuring Officer__
                              Position or relationship to debtor