**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| HORNBLOWER HOLDINGS LLC, *et al.*,[1] | ) | Case No. 24-90061 (MI) |
| Debtors. | ) | (Jointly Administered) |

**SECOND NOTICE OF EXAMINATION UNDER FED. R. BANKR. P. 2004 TO CRESTVIEW ADVISORS, L.L.C. AND ITS AFFILIATED FUNDS**

**To: Crestview Advisors, L.L.C. and its affiliated funds**
**c/o VINSON & ELKINS LLP**
**845 Texas Avenue Suite 4700**
**Houston, Texas 77002**
**ATTN: Paul E. Heath, Steven M. Abramowitz, and Kiran Vakamudi**

**-and-**

**c/o DAVIS POLK & WARDWELL LLP**
**450 Lexington Avenue**
**New York, New York 10017**
**ATTN: Brian M. Resnick, Adam L. Shpeen, Stephanie Massman, and David Kratzer**

**PLEASE TAKE NOTICE THAT**, under Federal Rules of Bankruptcy Procedure 2004 and 7034 and Bankruptcy Local Rule 2004-1, Crestview Advisors, L.L.C. and its affiliated funds, as identified in Docket No. 28 (collectively, "Crestview"), are directed to produce the documents described in **Schedule A** hereto to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and

[1] The last four digits of Debtor Hornblower Holdings LLC's tax identification number are 6035. Due to the large number of debtor entities in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://omniagentsolutions.com/Hornblower. The location of the Debtors' service address for purposes of these chapter 11 cases is: Pier 3 on The Embarcadero, San Francisco, CA 94111.

through their undersigned counsel, at the office of Pachulski Stang Ziehl & Jones LLP, 700 Louisiana Street, Suite 4500, Houston, TX 77002, Attn: James W. Walker (jwalker@pszjlaw.com), Cia Mackle (cmackle@pszjlaw.com), and Benjamin Wallen (bwallen@pszjlaw.com) by May 10, 2024.

Dated: April 26, 2024

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES, LLP**

*/s/ James W. Walker*
James W. Walker (TX Bar No. 20709600)
Benjamin L. Wallen (TX Bar No. 24102623)
Theodore S. Heckel (TX Bar No. 24133488)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email: jwalker@pszjlaw.com
bwallen@pszjlaw.com
theckel@pszjlaw.com

-and-

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Cia H. Mackle (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
cmackle@pszjlaw.com

-and-

Bradford J. Sandler (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured*

**CERTIFICATE OF CONFERENCE**

I, the undersigned, hereby certify that on the 24th and 26th days of April, 2024, I personally conferred with counsel to Crestview by teleconference to discuss the requests for production of documents and to coordinate with Crestview's counsel regarding the same. We were unable to reach an agreement regarding the document requests and now submit the issues to the Court for disposition.

By: */s/ James W. Walker*
James W. Walker

**CERTIFICATE OF SERVICE**

I certify that on April 26, 2024, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ James W. Walker*
James W. Walker

## SCHEDULE A

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO CRESTVIEW PARTNERS, ET AL.

## INSTRUCTIONS

1. Unless otherwise indicated, the Documents requested include all Documents that have come into existence or been utilized, read, transcribed, copied, placed in or retrieved from any file between January 1, 2020 and the Petition Date.

2. The terms used in these Requests are to be given their most expansive and inclusive interpretation unless otherwise expressly limited in a specific Request. This includes, without limitation, the following:

a. construing "and" and "or" in the disjunctive or conjunctive as necessary to make a Request more inclusive;

b. construing the singular form of a word to include the plural and the plural to include the singular;

c. construing the term "among" to mean between or among;

d. construing the terms "any" and "each" to mean any, all, each, and every;

e. construing masculine, feminine, or neuter pronouns to include other genders; and

f. construing the present tense of a verb to include its past tense and vice-versa.

3. The word "including" is deemed to be followed by "but not limited to."

4. Documents produced in response to these Requests shall include Documents in the possession, custody or control of the Debtors or any other entity or person acting on behalf of the Debtors. Information is deemed to be within Your possession, custody, or control if:

a. it is within Your actual knowledge or possession;

b. it is within the possession of Your agents; and/or

c. it is within the possession of any other Person or entity and You have the right to obtain the Documents from such Person or entity.

5. For each Document withheld by reason of a claim of privilege, provide a categorical privilege log identifying with respect to each such Document:

a. the date of the Document's creation and most recent modification;

b. the identity of the author or preparer;

c. the identity of each person who was sent or furnished with the Document or who received or had possession or custody of the Document;

d. the subject matter of the Document;

e. a categorical designation of the basis of the claim of privilege; and

f. the paragraph of this Request to which each such Document was responsive.

6. The Committee reserves the right to request additional information regarding Documents withheld on the basis of privilege, and reserves the right to request production on a document-by-document basis where necessary.

7. If any objection is made to any Request herein, all Documents and things responsive to the Request not subject to the objection should be produced. Similarly, if any objection is made to production of a Document, the portion(s) of that Document not subject to the objection should be produced with the portion(s) objected to redacted and indicated clearly as such. Otherwise, no Communication, Document, file, or thing requested should be altered, changed or modified in any respect. All Communications, Documents, and files shall be produced in full and unredacted form, including all attachments and enclosures either as they are kept in the ordinary

course or organized to correspond with these Requests. No Communication, Document, file, or thing requested should be disposed of or destroyed.

8. If a Document cannot be produced in full, produce it to the extent possible, identify the portion that cannot be produced, and specify the reasons for Your inability to produce the remainder.

9. Each Document shall be produced with sufficient metadata or information to indicate the file in which it was located.

10. You are required to produce ESI (as defined below) in Optical Character Recognition (OCR) searchable form via fileshare or other similar medium mutually agreed upon by the parties.

11. Documents must be produced electronically, using .tiff format for all Documents that were not originally in Excel or PowerPoint format, in which case, use .xls, .xlsx, .pptx, .pptm, .ppt format, as appropriate.

12. These Requests shall be deemed continuing and supplemental answers shall be required if You directly or indirectly obtain further information after Your initial response as required by Fed. R. Bank. P. Rule 7026(e).

13. These Requests cover those Documents that are not otherwise publicly available and have not already been produced by the Debtors to the Committee in connection with the chapter 11 cases.

## DEFINITIONS

1. "Bankruptcy Code" means Chapter 11 of Title 11 of the United States Code.

2. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, discussions, meetings, facsimiles, e-mails, pagers, memoranda, and any other medium through which any information is conveyed or transmitted.

3. "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

4. "Crestview," "Your" and "You" means Crestview Partners and its agents, accountants, auditors, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors, and includes any funds or other investment vehicles managed or controlled, directly or indirectly, by Crestview and the "Crestview Commitment Parties" as that term is defined in the Backstop Commitment Motion.

5. "Debtors" means, collectively or individually, the debtors and debtors in possession in the above-captioned bankruptcy cases and their agents, accountants, auditors, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries (including non-debtor subsidiaries within the Journey Beyond business and any other non-debtor affiliates), predecessors and/or successors.

6. "DIP Financing Motion" means that certain *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Postpetition*

*Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Certain Prepetition Lenders, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* [Docket No. 35].

7. "Document" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated or made. This includes, but is not limited to, Communications, ESI, "writings" as defined by Rule 1001 of the Federal Rules of Evidence, copies or drafts, and any tangible or intangible thing or item that contains any information. Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document. "Documents" always includes Communications, whether so stated or not.

8. "ESI" has the meaning ascribed to it in Federal Rules of Civil Procedure 16, 26 and 34(a), as well as any additional meaning given to ESI by the Instructions preceding these Definitions.

9. "First Day Declaration" means that certain *Declaration of Jonathan Hickman in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 25].

10. "First Lien Term Facility" means the funded-debt obligation in the approximate amount of $641.8 million as of the Petition Date and referenced in Paragraph 44 of the First Day Declaration.

11. "Journey Beyond" shall take on the meaning ascribed to it in the First Day Declaration.

12. "Person" means and includes individuals as well as corporations, partnerships, unincorporated associations, limited liability companies, trusts, firms, cooperatives, fictitious business names and government agencies, and their respective agents, representatives, attorneys and employees.

13. "Petition Date" means February 21, 2024.

14. "Request" means an individual request for information included in the Requests.

15. "Requests" means the *Official Committee of Unsecured Creditors' Second Requests for Production of Documents Directed to Crestview Partners, et al*.

16. "RSA" means that certain *Restructuring Support Agreement*, dated February 21, 2024, filed at Docket No, 25-3.

17. "Transactions" means any transaction or series of transactions, pursuant to which Crestview became or sought to become at any time a shareholder of, or the holder of any claim against or debt of, any Debtor, whether or not consummated, and further includes the following transactions or series of transactions: (a) the incurrence of the Incremental Facilities, including the substantially contemporaneous incurrence of guarantees and the transfer of liens in favor of the Superpriority Facility, Incremental Superpriority Facility, and the First Lien Term Facility; (b) the incurrence of the JBIH Term Facility; (c) all transactions involving the use of proceeds of the JBIH Term Facility, including the "Four-Step" and "Five-Step" transactions and the $10mm loan made by JBIH to AQV in November 2022; (d) the incurrence by Hornblower Group, LLC of guarantees and the transfer of liens in favor of the JBIH Term Facility in September 2023; (e) the incurrence by Journey Beyond Holdings, LLC of guarantees and the transfer of liens in favor of the Superpriority Facility and First Lien Term Facility in November 2022; (f) the incurrence of the JB OpCo HB Term Note; (g) any loan made by Crestview to any of the Debtors; (h) the provision of any credit support by Crestview for any debt incurred by any of the Debtors, including through letters of credit; and (i) the negotiation of the RSA and all restructuring transactions.

## DOCUMENT REQUESTS[1]

**Request No. 1.:**

All Documents and Communications Concerning the Transactions.

**Request No. 2.:**

All Documents evidencing any purchase, sale, or disposition of HB First Lien Claims and/or any debt or equity instrument issued by Journey Beyond or any Debtor.

**Request No. 3.:**

All Documents and Communications Concerning Your decision(s) to invest in or acquire the Debtors, including but not limited to internal investment memos, credit committee memos, or any other statement, analysis, summary, or review of facts, circumstances, strategies, or advice Concerning such decision(s).

**Request No. 4.:**

All Investment committee/credit committee memos Concerning Your decision to invest in or acquire Journey Beyond, including but not limited to internal investment memos, credit committee memos, or any other statement, analysis, summary, or review of facts, circumstances, strategies, or advice Concerning such decision.

**Request No. 5.:**

Any agreements between You and any officer and/or director of the Debtor entities, including non-debtor Journey Beyond entities.

---

[1] Capitalized terms in this Section not defined in the "Definitions" shall have the meanings ascribed to them in the RSA, First Day Declaration, or DIP Financing Motion.

**Request No. 6.:**

Any of Your insurance policies covering any officer and/or directors of the Debtor entities, including non-debtor Journey Beyond entities.