United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 07, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-90061 |
| HORNBLOWER HOLDINGS | § | |
| LLC, *et al.*, | § | |
| Debtors. | § | Jointly Administered |
| | § | CHAPTER 11 |

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Argonaut Insurance Company objected to confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization of Hornblower Holdings LLC and its Debtor Affiliates.  ECF No. 1170.  Argonaut's objection is based on the plan's alleged failure to satisfy the requirements of § 1129(a)(9) of the Bankruptcy Code by not providing the required treatment of Argonaut's asserted subrogation claim.

At the confirmation hearing held on June 3, 2024, the Court asked the parties to brief the interaction between §§ 507, 509 and 1129 of the Bankruptcy Code.  Specifically, the Court sought to answer whether Argonaut is entitled to payment in cash in full on account of its subrogation claims if Argonaut pays an American Queen Voyages customer deposit claim.

Argonaut is not entitled to payment in cash in full.

Argonaut's confirmation objection is overruled.  A separate order confirming the proposed plan will be entered.

### JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a).  Venue is proper in this District pursuant to 28 U.S.C. § 1409.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The

dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## LEGAL STANDARD

The validity of Argonaut's objection turns on interpretation of five relevant provisions of the Bankruptcy Code.

First, § 502(e)(1)(C) provides:

Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that—such entity asserts a right of subrogation to the rights of such creditor under section 509 of this title.

Second, § 509(a) in turn provides:

Except as provided in subsection (b) or (c) of this section, an entity that is liable with the debtor on, or that has secured, a claim of a creditor against the debtor, and that pays such claim, is subrogated to the rights of such creditor to the extent of such payment.

Third, § 507(a)(7) provides:

The following expenses and claims have priority in the following order: . . . Seventh, allowed unsecured claims of individuals, to the extent of[$3,350 [originally "$1,800", adjusted effective April 1, 2022] for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

Fourth, § 507(d) provides:

An entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection (a)(1), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8), or (a)(9) of this section is not subrogated to the right of the holder of such claim to priority under such subsection.

Fifth, § 1129(a)(9)(B) provides:

The court shall confirm a plan only if all of the following requirements are met: . . . with respect to a class of claims of a kind specified in section 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of this title, each holder of a claim of such class will receive—(i) if such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or (ii) if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim[.]

## DISCUSSION

Argonaut asserts it is entitled to treatment under § 1129(a)(9)(B) for the claims of AQV customers if Argonaut pays the customer's claim in Argonaut's capacity as a surety.  ECF No. 1275 at 1.  The parties agree that the AQV customers' claims are unsecured claims of individuals arising from the deposit of money in connection with the purchase of services under § 507(a)(7).

Section 509(a) makes clear that, upon asserting a right of subrogation, the surety—here, Argonaut—essentially holds the rights of the creditor—here, each AQV customer.  Section 509(a) provides that Argonaut is subrogated "to the rights of such creditor to the extent of such payment."  11 U.S.C. § 509(a).

## I.    ARGONAUT'S OBJECTION

In Argonaut's view, these provisions provide Argonaut with all of the rights of each creditor if Argonaut becomes subrogated to the claim by payment. "The surety steps into the shoes of the creditor and can assert all of the creditor's rights relating to the claim as if the surety were the creditor." ECF No. 1374 at 4.

Clad in *all* of the AQV customers' § 507(a)(7) claim rights, Argonaut seeks to enjoy treatment under § 1129(a)(9)(B), which provides that a plan can be confirmed only if, "with respect to a class of claims of a kind specified in section . . . 507(a)(7) of this title, each holder of a claim of such class will receive" either deferred cash payments in full if the class has accepted the plan, or cash payment in full on the plan's effective date if the class has not accepted the plan. 11 U.S.C. § 1129(a)(9)(B).    For this reason, Argonaut objects to confirmation because the plan does not provide for Argonaut to receive payment-in-full treatment under § 1129(a)(9)(B).

But for § 507(d), Argonaut would probably be right.

Section 507(d) explicitly modifies the extent of subrogation rights when the surety pays a claim that otherwise has priority under § 507. The result is that Argonaut is not subrogated to *all* of the AQV customer's rights. Section 507(d) explicitly states that "[a]n entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection [(a)(7)] of this section is not subrogated to the right of the holder of such claim to priority under such subsection." 11 U.S.C. § 507(d).    Argonaut argues "the fact that section 507(d) prevents a surety from having priority, does not prevent the surety from its entitled to treatment of its subrogate[d] claim in accordance with section 1129(a)(9)." ECF No. 1374 at 10.

Argonaut persuasively points the Court to the Fifth Circuit's very recent ruling in *In re GFS Indus., LLC*, 99 F.4th 223 (5th Cir. 2024). There, a subchapter V corporate debtor sought discharge of certain "kinds" of debts listed in § 523(a) of the Bankruptcy Code. The court

considered the meaning of the phrase "debt of the kind."  The Fifth Circuit held that § 1192 excepts from discharge "any debt . . . of the kind specified in section 523(a)."  11 U.S.C. § 1192(2).  The court "appl[ied] this precise language as written."  *In re GFS Indus.*, 99 F.4th at 228.  "Section 523(a) enumerates 21 categories or 'kinds' of non-dischargeable debts.  So, the most natural reading of § 1192(2) is that it subjects both corporate and individual Subchapter V debtors to the categories of debt discharge exceptions listed in § 523(a)."  *Id.* (citation and parenthetical omitted).

## II.   ARGONAUT'S RIGHTS ARE LIMITED BY § 507(d)

Notwithstanding the use of the same statutory language, Argonaut misreads the Fifth Circuit's holding in concluding that

> in accordance with the Fifth Circuit decision in *Matter of GFS Industries, LLC,* Congress's use in section 1129(a)(9) of the phrase "of a kind specified in [section 507(a)(7)]" means that entitlement to priority under section 507(a) is not a prerequisite to entitlement to treatment in accordance with section 1129(a)(9) under a plain reading. Since entitlement to priority is not a requirement, the fact that section 507(d) prevents a surety from having priority, does not prevent the surety from its entitled to treatment of its subrogated claim in accordance with section 1129(a)(9).

ECF No. 1374 at 10.   Adherence to the Fifth Circuit's statutory construction in *In re GFS Industries* leads the Court to the conclusion that Argonaut is not entitled to payment in full under § 1129(a)(9)(B).

It is undisputed that the claims at issue here are those provided for in § 507(a)(7).  Argonaut objects under § 1129(a)(9)(B).  Argonaut asserts § 1129(a)(9)(B) "on its face does not require that a claim be entitled to priority as a condition to [being] entitled to the treatment set forth in section 1129(a)(9)(B)."  ECF No. 1275 at 2.  It is true that such language is not located within § 1129; instead, it is located within § 507.

Additionally, Argonaut argues Congress did not intend entitlement to priority to be a condition to entitlement to treatment under § 1129(a)(9)(B). It argues that, otherwise § 1129 should have required claims be "entitled to priority under section 507" instead of simply being "of a kind specified in section" 507(a)(7). *Id.*

This requires an analysis of how § 507 priorities are applied under the Bankruptcy Code. Section 507 says what the priorities are; it does not say how to apply them. And, subsection 507(d) instructs that a subrogated entity is not subrogated to the priority rights of the original claimant.

The heavy lifting on the *application* of priority rights falls under each of chapters 7, 9, 11, 12 and 13. Priorities are contained in § 726 (for a chapter 7 case); in § 943(b)(5) (for a chapter 9 case); § 1129(a)(9) (for a chapter 11 case); § 1222(a)(2) (for a chapter 12 case); and § 1322(a)(2) (for a chapter 13 case).

In a chapter 7 case, § 726(a)(1) provides that priority claims get paid first, and get paid in the priority order established in § 507(a)(1)–(10).

In a chapter 9 case, § 943(b)(5) requires payment in cash on the effective date of all § 507 priority claims, without regard to their respective priority against one another; non-priority claims are junior to priority claims since chapter 9 does not mandate payment in full of unsecured claims. *See* § 943(b)(1)–(7).

In a chapter 11 case, § 1129(a)(9)(A) requires the payment in cash of priority claims under § 507(a)(2) and § 507(a)(3). All other priority claims must be paid in cash and in full over time (if the plan is accepted by the class) or in cash (if the plan is not accepted by the class). *See* § 1129(a)(9)(B). As in chapter 9 cases, the priority of payment requires payment in full in priority over unsecured claims. Chapter 11 does not require full payment of non-priority unsecured claims.

In a chapter 12 or chapter 13 case, the priority provisions are in §§ 1222(2)(2) and 1322(a)(2).  In those chapters, priority claims are paid with equal priority to one another.  They are globally given priority over all non-priority unsecured claims, which non-priority unsecured claims need not be paid in full.  *See* §§ 1225(a) and 1325(a).

When § 507(d) provides that a subrogee does not have priority rights, the structure of the Bankruptcy Code mandates that the priority rights granted in the respective chapters should *not* be applied to a subrogee.

Applying the Fifth Circuit's mandate in *In re GFS Industries*, § 1129(a)(9)(B) does provide for the treatment of "a class of claims of a kind specified in section . . . 507(a)(7)[.]"  11 U.S.C. § 1129(a)(9)(B).  But so does § 507(d), which states "[a]n entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection [(a)(7)] of this section is not subrogated to the right of the holder of such claim to priority under such subsection."  11 U.S.C. § 507(d).

Customer claims fall under § 507(a)(7).  § 507(a)(7) claims are referenced in both §§ 507(d) and 1129(a)(9)(B).  Argonaut would have us apply § 1129(a)(9)(B) to the exclusion of § 507(d).  But "apply[ing] this precise language as written[,]" both §§ 507(d) and 1129(a)(9)(B) enumerate categories or "kinds" of claims whose priorities have already been set out in § 507(a).  *See In re GFS Indus.*, 99 F.4th at 228.  "So, the most natural reading" of these three sections together is that § 1129(a)(9)(B) enforces the priority granted to a § 507(a)(7) claim, except when an entity is subrogated to the rights of a § 507(a)(7) claim; in that situation, § 507(d) is triggered and § 1129(a)(9) has no applicability to a subrogated claim.

This conclusion is supported on multiple fronts.

First, this conclusion closely follows the Fifth Circuit's *In re GFS Industries* holding.  GFS means that the phrase debt or claim "of a kind" does the work of linking provisions of the Bankruptcy Code.  Here, it links § 1129(a)(9)(B) to § 507(a)(7), which in turn is linked by use of the

same phrase to § 507(d).  As such, the three sections are to be read in harmony with one another.

Second, if a reconciliation between §§ 1129(a)(9)(B) and 507(d) is required, § 507(d) governs as the more specific provision.  As the Fifth Circuit stated in *In re GFS Industries*, "'to the extent that one might find tension' between the two sections, 'the more specific provision should govern over the more general.'"  *In re GFS Indus.*, 99 F.4th at 229 (quoting *In re Cleary Packaging, LLC*, 36 F.4th 509, 515 (4th Cir. 2022)).  Section 507(d) is the more specific provision of the two, addressing the rights of subrogees to seven particular types of priority claims; § 1129(a)(9) applies to plan confirmation and claim holder treatment generally.  In the order of operations, § 507(d) trumps § 1129(a)(9).

Third, as stated in the Debtors' supplemental brief, and as uncontroverted by any of Argonaut's briefing, courts across various jurisdictions have held that a subrogee's rights under § 509(a) are restricted by § 507(d).  *E.g.*, *In re Missionary Baptist Found. of Am., Inc.*, 667 F.2d 1244, 1247 (5th Cir. 1982) ("we are unwilling to interpret § 507(d) (denying by its terms priority only to 'subrogees') as depriving wage claim 'assignees' of their former priority"); *In re Greenwald*, 114 B.R. 410, 412 (Bankr. S.D.N.Y. 1990) ("There is no question that 11 U.S.C. § 507(d) specifically denies an entity the right to be subrogated to a priority claim under 11 U.S.C. § 507(a)(4)"); *In re Edward W. Minte Co., Inc.*, 286 B.R. 1, 3 (Bankr. D.D.C. 2002) ("Section 507(d) prohibits a subrogee from stepping into the claimant's priority status"); *In re Braniff, Inc.*, 218 B.R. 628, 632 n.3 (Bankr. M.D. Fla. 1998) ("A claim for reimbursement that is subrogated to the employees' rights pursuant to Section 509(a) would not receive priority treatment pursuant to Section 507(d)").

Argonaut is not entitled to payment in cash in full under § 1129(a)(9)(B).

## CONCLUSION

Argonaut Insurance Company's objection to confirmation filed at ECF Nos. 1170 and 1275 is overruled.

SIGNED 06/06/2024

_____
Marvin Isgur
United States Bankruptcy Judge